## WHALEN v. CADMAN.

1. HEAD OF A FAMILY. An unmarried man with whom his brother and his brother's wife lived and for whom they kept house, he furnishing the necessaries for housekeeping and living, was not the head of a family within the contemplation of the statute.

Whalen v. Cadman.

*Appeal from Dubuque District Court.*

FRIDAY, OCTOBER 19.

REPLEVIN for two horses and a set of harness, which plaintiff claims as exempt from execution. The proof upon the only controverted point was this: "Plaintiff, before the seizure of the property, rented a farm and moved on to the same with his brother and his brother's wife, he; plaintiff being unmarried. The two brothers worked the farm on shares, with no express agreement as to the amount each was to receive. He procured the brother's wife to keep house for him, had the supervision of the house and procured and furnished the necessaries for house keeping and living."

Based upon this testimony, the court, among other instructions of the same import, said to the jury: "That a young unmarried man who moved on to a farm and with whom lived his brother and his brother's wife, and who worked the farm on shares with his brother, if the unmarried man was the general agent and manager of the affairs of both, he would be the head of a family, and that this would hold good even though they had equal interest in the farm." Defendant excepted to each and all of the instructions. Judgment for plaintiff and defendant appeals.

*Griffith & Knight* for the appellant.

*Wilson, Utley & Doud* for the appellee.

WRIGHT, J.—The only question in this case is whether under the testimony the plaintiff is, in legal contemplation, "the head of a family;" for to entitle him to the exemption claimed, he must occupy that relation. (Laws of 1854-5, chapter 61.) Our conclusion is that he is not, and that the court erred in its instructions to the jury on this subject.

The head of a family primarily is the husband or father. One may be such head however without being either. Thus the mother may become such upon the death of the husband.

So a son having mother and brothers and sisters, or either, depending upon him for a support and living in a household which he controls, might be such head. And thus we might state many cases where the party claiming the exemption would be legally entitled to it, and still not be the husband or father. And yet in each case he must for the purposes of this inquiry stand in the place of the father. He must be the master in law of the family.

In the case before us the married brother and his wife, in no proper sense belong to the family of the plaintiff. He had no control over them, except such as resulted purely and exclusively, from contract. He had no right to exact obedience from them or to direct their movements, except so so far as their agreement bound them to take care of the house. One brother was as much interested in the profits of the farm as the other. If plaintiff was the head of this family, then the married one could not be, and this will scarcely be claimed.

Judgment reversed.