Hoback vs. Hoback et al.

---

## HOBACK v. HOBACK ET AL.

1. HOMESTEAD : *Right of widow to, against heirs.*
   A widow is entitled to homestead as well against heirs as against creditors of her deceased husband. But she can not create a homestead on her husband's lands after his death.

2. SAME : *Right barred by decree in partition, unless claimed.*
   When a widow is a party to a suit for partition among the heirs, and fails to claim her homestead right, it is barred by the decree.

APPEAL from *Benton* Circuit Court, in Chancery.

Hon. J. M. PITTMAN, Circuit Judge.

—— *Gregg*, for appellant.

ENGLISH, C. J. :

This was a complaint in equity for partition of lands, filed in the Circuit Court of Benton county, September 1, 1876, by William Hoback and Isaac N. Hoback, against John Hoback, Mary E. Hawkins and her husband John Hawkins, Margaret

E. Hoback, Wesley D. Hoback, Nancy A. Hoback, and Mary Hoback.

The allegations of the complaint are in substance as follows :

That Robert V. Hoback died intestate, on the — day of ———, 1864, leaving him surviving said Mary Hoback, his widow, who is yet living, and the plaintiffs, and the other defendants named above, his children ; and that after his death said Mary E. intermarried with said John Hawkins.

That said Robert V. Hoback died seized and possessed of the following real estate, situate in the county of Benton : West half of northeast quarter, east half of northwest quarter, north half of southwest quarter, northwest quarter of southeast quarter, and the southwest quarter of northwest quarter of section 20, township 19 north, range 31 west, containing 320 acres.

That defendant, Mary Hoback, widow of said Robert V., is residing on said lands, and entitled to dower therein, dower having never been assigned her.

That the estate of said Robert V. is not indebted to any one in any amount, and said lands belong to plaintiffs and defendants equally, subject only to the dower interest of said widow.

That said real estate is not susceptible of partition in kind amongst and between said parties, without great loss and injury to each.

That defendants are residents of Benton county, and said Wesley D. and Nancy A. are minors, and reside with their mother, the said Mary.

Prayer that dower be assigned said widow, and that commissioners be appointed for that purpose, and that the remainder be sold at such time and on such terms as the court might think fit, and that the part assigned the widow as dower be sold subject to her life estate, and the proceeds divided, etc.

No process appears to have been issued to any of the defendants.

The first term of the court, after the filing of the complaint, commenced October 2, 1876.

On the 4th of October, defendant, Mary Hoback, filed an answer to the complaint in substance as follows :

Admits that she is the widow of Robert V. Hoback, who departed this life on November 21, 1864, seized and possessed of the lands described in the complaint.

That she is still a widow, having never married since the death of her said husband. That she now resides, and has for many years last past, resided upon and been in the occupancy of said real estate. That since the death of her said husband she has extended the farm and made valuable improvements thereon, and paid out about $370.82 taxes for the same.

That on the 16th day of September, 1876, she selected out of said real estate the east half of the northwest quarter and the southwest quarter of the northwest quarter, and the northeast quarter of the southwest quarter of section 20, etc., upon which she resides, and upon which is the residence of her said husband, containing 160 acres, as her homestead, and filed her claim of the same in the office of the Clerk of the Circuit Court of said county, which was by said Clerk duly entered of record in said office on the day and year last aforesaid.

That she owns no real estate in her own right. That two of the said heirs-at-law of Robert V. Hoback are still minors, living with and in her charge and custody as their mother.

She prays that her said homestead of 160 acres, as above described, be not subjected to the partition and sale as prayed for by complainants ; but that the same be decreed her homestead, and reserved from partition or sale under execution or other process of law.

The plaintiffs, on the 11th of October, demurred to so much of the answer of Mary Hoback as relates to her claim of 160

acres of the real estate mentioned in the complaint as a homestead, and assigned the following cause of demurrer:

" Because that portion of her answer which relates to right of homestead in the lands of her deceased husband does not state sufficient facts to entitle her to the right of homestead in said real estate against plaintiffs and the other defendants as heirs-at-law of said Robert V. Hoback, deceased."

The court sustained the demurrer, and on the same day (October 11, 1876), rendered the following decree:

" The defendant, Mary Hoback, declining to make further answer, but electing to rest on the answer already filed, this cause came on to be heard upon the complaint of the plaintiffs, answer of defendant, Mary Hoback, the proof adduced, and agreement of parties, whereupon the court doth find that Robert V. Hoback departed this life intestate, in the year 1864, leaving the defendant, Mary Hoback, his widow, and the plaintiffs and defendants herein named, his children and heirs-at-law, him surviving. That said Robert V. died seized and possessed, in fee simple, of the following described real estate, to wit: (Here the lands set out in the complaint are described). That said land is occupied by said widow, and that two of the defendants, who are minors, reside with her. That said estate is not indebted to any one. That said widow is entitled to dower in said real estate. And it is further agreed by and between the adult plaintiffs and defendants herein, that in consideration of said Mary waiving all claim for taxes paid on said lands and improvements erected, that they waive any claim to the personal property of which said Robert V. died seized and possessed, to the said Mary Hoback.

" It is therefore ordered, adjudged and decreed by the court, that dower in said estate be assigned to said widow, Mary Hoback, consisting of one-third part thereof in value, including the mansion house, and that the remainder of said real estate

be partitioned between said plaintiffs and defendants, giving to each of the seven (naming them) one-seventh part; and John W. Floyd, Guss Henderson and N. W. Holland are hereby appointed commissioners to make such partition, and to assign dower to said widow, and that they report their action herein at the next term of the court. To which finding and ruling of the court, that defendant, Mary Hoback, was not entitled to hold 160 acres of said land as a homestead, she excepted, and prayed an appeal to the Supreme Court, which is granted."

On what particular ground the court below sustained a demurrer to so much of appellant's answer as set up a homestead right in the land, does not appear in the record, and appellees are not represented here.

Nor do we see why the court below rendered a decree affecting the rights of the two minor defendants without causing them to be served with process, and represented by guardian, etc.

I. At the time of the death of appellant's husband (November 21, 1864) the statute then in force provided that: "Every free white citizen of this State, male or female, being a householder, or the head of a family, shall be entitled to a homestead, exempt from sale or execution (except as hereafter mentioned) not exceeding one hundred and sixty acres of land, or one town or city lot, being the residence of such householder or head of a family, with the appurtenances and improvements thereunto belonging.

"The preceeding section shall be deemed and construed to exempt such homestead, in the manner aforesaid, during the time it shall be occupied by the widow, or child or children of any deceased person who was, when living, entitled to the benefits of this act." Gould's Digest, chap. 68, secs. 29-30.

This provision for the benefit of the widow and minor children of the owner of the homestead, was carried, with some

modifications, into the constitution of 1868 (Art. 12, secs. 4-5), and the constitution of 1874, Art, 9, secs. 5.

If the court below sustained the demurrer to the answer of appellant on the ground that the widow can take and hold the homestead of her deceased husband as against creditors only, and that when there are no creditors, as in this case, the heirs are entitled to put her upon her dower right, and have the homestead land partitioned, it was an error. *Trotter et al* v. *Trotter et al*, 31 Ark., 145.

But the widow cannot create a homestead right in the land of the husband after his death. He must have impressed the homestead character upon the land during his life, and she must succeed him in that right. *Johnson* v. *Turner, adm'r.*, 29 Ark., 280.

To impress the homestead character upon the land, under the above statute, and transmit the homestead right to the widow, the husband must have been a free white citizen inhabitant or resident, (*McKenzie* v. *Murphy*, 24 Ark., 155) of the State, a householder or head of a family, and his residence, home, must have been upon the land at the time of his death. *Tumlinson* v. *Swinney*, 22 Ark., 400 ; *Williams* v. *Dorris, et al.*, 31 Ark., 468.

There was no statute at the time of the death of appellant's husband requiring the claimant of a homestead to schedule the land claimed as a homestead to protect it from sale or execution. He could obtain protection by application to the court from which the process issued. *Grubbs* v. *Ellyson*, 23 Ark., 287 ; *Wassell* v. *Tunnah*, 25 Ark., 101.

In this case the adult heirs sought to disregard the homstead claim of appellant and have the lands partitioned, and she had the right to interpose her homestead claim as a defense ; and had she failed to do so, her claim would have been barred by the decree. *Wright et al* v. *Dunning*, 46 Ill., 272.

In the absence of any showing to the contrary, the presumption is, that appellant's husband was a free white man, that being the general character of the land-owning population of the State at the time of his death.

It is not specifically alleged in the answer of appellant, as it should have heen, that appellant's husband was a citizen of the State, and that his residence was upon the land which she claimed as his homestead at the time of his death, though these facts are inferable from the scope of the answer.

The court, instead of sustaining a demurrer to so much of her answer as set up a homestead claim upon the land, should have directed her solicitor to make its allegations more specific as to the facts indicated above. *Bushey et al* v. *Reynolds et al,* 31 Ark., 658 ; *Ball et al* v. *Fulton County,* Ib. 379.

II. It was error in the court to decree partition of the land, etc., without causing the two minor defendants to be brought in by service of process, and represented by guardian. Gantt's Digest, sec. 4493.

The decree must be reversed and the cause remanded with instructions to the court below to permit appellant to amend her answer so as to make its allegations more specific as to her husband's residence in the State and upon the land claimed by her as his wife at the time of his death, and to cause the two minor defendants to be brought in by process, and represented by guardian, and for such further proceedings as may be had in the cause according to law, and not inconsistent with this opinion.