## PATRICK v. BAXTER.

EXEMPTION: *Homestead must be occupied at time of levy.*

    Land or a town lot can not be exempt from execution as a homestead, unless it is occupied as a residence at the time of the levy of the execution; and a supersedeas issued upon a claim of homestead, where there is no such residence, should be quashed.

APPEAL from *Drew* Circuit Court.

Hon. J. M. BRADLEY, Circuit Judge.

*N. & J. Erb* for appellant.

1. Baxter never *occupied* the premises *as a homestead,* and the property was not exempt. *Const., sec. 5, art. 9; Thompson on Homesteads and Ex., sec. 245; Johnston v. Turner, 29 Ark., 280.*

2. The issue should have been tried by jury. *23 Ark., 101; 32 Barb., 291; 14 John., 434; 55 Barb., 390, 399; 1 Denio, 462; 31 Ark., 654.*

ENGLISH, C. J. On the twenty-eighth of September, 1878, William H. Patrick recovered a judgment for $200, before a justice of the peace of Drew County, against Robert M. Baxter, on a debt contracted in 1875.

An execution having been issued thereon, and returned *nulla bona,* Patrick filed a certified transcript of the judgment in the office of the clerk of the Circuit Court of Drew County, on the eleventh day of October, 1878, which was entered in the judgment docket.

On the third of November, 1881, an execution was issued upon the judgment, by the clerk, to the sheriff of Drew County, who, on the next day, levied it upon a lot in the town of Monticello, as the property of Baxter, and fixed the twenty-sixth of the same month as the day of sale.

At some time between the day of the levy and the eighteenth of November, 1881, Baxter filed a schedule in the office of the clerk, claiming the lot to be exempt from execution as a homestead.

(This schedule seems to have been used on the trial of this case, and the clerk was directed to copy it into the bill of exceptions, but failed to do so, because it was not found among the papers of the case, as he states.)

On the eighteenth of November, 1881, the clerk issued a supersedeas to the sheriff, based upon the schedule, commanding him not to sell the lot, etc.

At the February term 1882, of the Circuit Court of Drew County, Patrick, the plaintiff in the execution, filed a motion to quash the supersedeas.

In this motion it was stated that Baxter, in his schedule, had claimed to be the head of a family, and, as such, to hold the lot as a homestead; and it was alleged that he was not the head of a family at the time of filing the schedule, and that he did not occupy the lot at the time it was levied upon, nor at the time the schedule was filed.

At the August term 1882, both parties appeared, announced themselves ready for trial, the matter was submitted to a jury, and there was a verdict in favor of the plaintiff, which, on motion of defendant, the court set aside, and ordered a new trial.

At the March term, 1883, the motion to quash the supersedeas was submitted to the court, and, upon the evidence produced by the parties, the motion was overruled, and the supersedeas made perpetual. A new trial was refused the plaintiff, and he took a bill of exceptions and appealed.

The above facts are shown by record entries, and the bill of exceptions in the case.

Baxter was examined as a witness on his own behalf at the trial. He testified, in substance, that he purchased the

lot in question, after Patrick obtained the judgment, and at the time execution was levied upon the lot, he was building a house on it, with the view of making it a home for himself and his aged mother, whom he was supporting, his father being dead. He had put up the frame of the house, and it was partly roofed and partly floored, and no chimneys built at the time the levy was made. He was not then living on the lot, and no person had ever lived on it. He did not complete the house and move into it until two or three months after the execution was levied on the lot. After he moved into the house he had continued to make it his home until the trial, and had become a married man.

No declarations of law were asked of, or made by the court.

The homestead of any resident of this State, who is married or the head of a family, shall not be subject to the lien of any judgment or decree of any court, or sale under execution, or other process thereon, except, etc. *Constitution 1874, art. 9, sec. 3.*

The homestead outside of any city, town or village, owned and occupied as a residence, shall consist of not exceeding one hundred and sixty acres of land, with the improvements thereon, to be selected by the owner, etc. *Ib., sec. 4.*

The homestead in a city, town or village, owned and occupied as a residence, shall consist of not exceeding one acre of land, with the improvements thereon, to be selected by the owner, etc. *Ib., sec. 4.*

It may be that an unmarried man, who has an aged mother living with him in his house, dependent upon him, and whom he is supporting, is the head of a family within the meaning of the Constitution. *Thompson on Homesteads, sec. 60; Whalen v. Cadman, 11 Iowa, 226.*

12

EXEMPTION
Homestead
must be oc-
cupied at
time of
levy.

But appellee, Baxter, was not " occupying as a residence" the lot in question, when the execution was levied upon it; he had not impressed upon it the character of a homestead; it was not his home or dwelling place. (*See Williams v. Dorris et al., 31 Ark., 468; Johnston et al. v. Turner, ad., 29 Ib., 288.*) He did not complete his house and move on the lot until two or three months after the execution was levied, and a lien fixed upon it, and after the time fixed for sale. Fourteen days after the levy the supersedeas was issued, based upon a schedule filed by appellant, claiming the lot to be exempt from execution as his homestead.

The schedule could not truthfully have stated the requisite facts to show that the lot was exempt as a homestead, and the supersedeas was improperly issued, and should have been quashed by the court below.

Reversed and remanded, with instructions to the court below to quash the supersedeas.