## GILL *v.* GILL.

### Opinion delivered October 26, 1901.

HOMESTEAD—OCCUPANCY.—Where the owner of a house, being a resident of this state and a married man, moved part of his furniture into it, with intention to occupy it as a homestead, but was taken sick and died before the moving was completed, and before any of his family had actually resided therein, and after his death his wife completed the moving and took up her residence therein, the house was "occupied as a residence," within art. 9, § 5, of the constitution, so as to entitle his wife and minor children to claim the same as a homestead.

Appeal from Pulaski Chancery Court.

THOMAS B. MARTIN, Chancellor.

*Hill & Aulen,* for appellant.

There was never such an occupancy as impresses the homestead character on property. Mere intention to occupy is not sufficient. 31 Ark. 466; 22 Ark. 400. The occupancy must be by the husband, in his lifetime, and as a residence. Const. Ark. § 5, art. 9; 33 Ark. 399.

*James Coates,* for appellees.

The fact that the homestead claimant is only a co-tenant with another does not deprive him of his right to claim his homestead. Freeman, Cot. & Part. § 54; 35 Ark. 50; 27 Ark. 659; 41 Ark. 95. While mere intention to occupy a homestead is not alone equivalent to possession, yet it, in connection with other circumstances, may constitute such a constructive occupancy as to form a sufficient basis for the claim of homestead. 9 Kan. 475; *id.* 425; 35 Ia. 410; 40 N. H. 282. *Cf.* Freeman, Cot. & Part. § 54; 42 Ark. 541; 59 Ark. 213.

Wood, J. R. G. Gill, a resident of this state, and a married man, purchased a half lot in the city of Little Rock, valued at $1,050 for a homestead. Gill and his wife packed up some of their household goods, preparatory to moving. He and she went over to the house, where they expected to live, and fixed a lock on the door. He was taken sick, but he directed his wife to hire some one to assist her in moving. She did so, and cleaned up the new house. Then, with the hired help, whom Gill paid for the work, she packed up some household goods and kitchen furniture, such as bed, bedstead, carpets, cooking stove, cooking utensils, etc., and moved same into the new house, Before the moving was completed, Gill, who had taken to his sick bed at his mother's, died. After his death, his wife continued the moving into the new house, and she and the minor children were occupying the same as the homestead at the time of the institution of this suit. Gill had no other lands.

The only question on this appeal is: Was the land in controversy "owned and occupied by Gill as a residence," in the sense contemplated by art. 9, § 5, Const., so as to entitle his wife and minor children to claim same as a homestead? "The chief reason," says Mr. Thompson, "why actual occupancy is insisted upon as a condition to the exemption of a homestead is that it may serve to notify the world that it is the place claimed by the owner as exempt." Thompson, Homest. § 245.

This court has held that occupancy is necessary; that a mere intention to occupy is not sufficient. The principle has been settled and announced in cases where the facts showed nothing more than a mere intention to occupy as a homestead, unaccompanied by any acts of actual occupancy. *Tumlinson* v. *Swinney,* 22 Ark. 400; *Johnston* v. *Turner,* 29 Ark. 280; *Williams* v. *Dorris,* 31 Ark. 466; *Hoback* v. *Hoback,* 33 Ark. 399; *Patrick* v. *Baxter,* 42 Ark. 175. But here the *bona fide* intention to occupy is manifested by some of the usual constituents and concomitants of occupancy, such as repairing and cleaning the house, and moving in household goods and kitchen furniture.

In Iowa there is an unbroken line of decisions holding that occupancy, the use of the house by the family as a homestead, is an essential requirement to impress the property with the character of a homestead; that the "mere intention to occupy it, though subsequently carried out, is not sufficient." *Charless* v. *Lamberson,* 1 Iowa, 435; *Christy* v. *Dyer,* 14 Iowa, 438; *Elston* v. *Robinson,*

23 Iowa, 208; *Givans* v. *Dewey,* 47 Iowa, 414; *First National Bank* v. *Hollingsworth,* 78 Iowa, 575. This court, in announcing the same doctrine, quoted the identical language of some of the Iowa cases. *Williams* v. *Dorris,* 31 Ark. *supra,* at page 470. In the case of *Neal* v. *Coe,* 35 Iowa, 407, the defendants used the house on the place claimed as a homestead for holding a portion of their furniture as early as March the 15th. On April 1st the family came to the town where the house was situated, expecting to possess the house, but, the repairs not being completed, they did not actually sleep and eat in the house until twelve weeks thereafter. The plaintiff, who was seeking to subject the premises to the payment of his debt, had knowledge of the above facts, and of the intention of the defendants to occupy the premises as a home as soon as they were made fit. The supreme court of Iowa, in holding that the homestead character had been impressed upon the premises under the above facts, said: "While the intention is not alone sufficient to impress the homestead character, yet it may be considered in connection with the circumstances. Some time usually intervenes after the purchase of property before it can be actually occupied. Even after the process of moving begins it frequently takes days before the furniture can be arranged, and the house placed in comfortable condition for actual occupancy. Under such circumstances great inconvenience might arise if the homestead character was made to depend upon the actual personal presence of the members of the family. Law is entitled to and can command respect only when it is reasonable, and adapted to the ordinary conduct of human affairs." So say we.

Affirmed.

NOTE.—If I had known that the learned chancellor had written an opinion upon this question before I had prepared and read this, the court consenting, I should have been glad to have adopted it in full, for it is a more elaborate and learned discussion of the subject than I have been able to give it. His opinion will be found at page 40, Martin's Chancery Decisions.