SHELL *v.* YOUNG.

Opinion delivered April 16, 1906.

1.  ADMINISTRATION—SALE OF LAND SUBJECT TO DOWER.—A sale of land of an intestate's estate to pay debts without assigning the widow's dower is inoperative so far as her dower is concerned, but is not void. (Page 481.)

2.  SAME—VALIDITY OF SALE TO PAY DEBTS.—An administrator's deed is not void collaterally because it recites a sale of land to pay the debts of the estate, as it will be presumed that the lands were sold to pay the debts of the intestate which were duly probated against the estate. (Page 481.)

3.  HOMESTEAD—IMPRESSMENT.—The fact that the owner of land was intending to make it his homestead as soon as he completed a residence thereon, that he had put some of the land in cultivation, had built a stable and crib, and was hauling corn to the crib when he died, was not sufficient to impress upon it the character of a homestead. (Page 481.)

Appeal from Clay Circuit Court; *Allen Hughes,* Judge; affirmed.

*F. G. Taylor,* for appellants.

1. The probate court was without authority to order a sale of the land without first assigning the widow's dower. 33 Ark. 294; 40 Ark. 17.

2. The probate court is without jurisdiction to order a sale of land to pay debts of the estate. Unless the sale was made to pay debts of the decedent, the sale was void for want of jurisdiction, and confirmation of the sale does not cure the defect. 84 S. W. 1044; 52 Ark. 320; 46 Ark. 373.

3. The land was the homestead of P. F. Shell, under whom appellants claim; had been impressed with that character prior to his death; and the probate court had no jurisdiction to order

it sold for any purpose. 69 Ark. 596; 1 Martin's Chancery Decisions, 40; 51 Mich. 541; 47 Am. Rep. 594; 64 Mich. 593; 76 Mich. 126; 126 Mich. 706; 35 Ia. 407; 77 Am. Dec. 715; 125 Ill. 437; 48 Ill. App. 514; 9 Kan. 425; 4 S. Dak. 628; 70 Am. Dec. 292; 60 Tex. 135; 64 Tex. 76; 48 Am. St. Rep. 815; 57 *Ib.* 927.

4. The statute does not begin to run until the youngest child has attained majority. The plea of the statute of limitation does not apply under the facts of this case. 53 Ark. 400.

*Hawthorne & Hawthorne,* for appellee.

1. The fact that dower has not been assigned at the time sale. is ordered does not defeat the jurisdiction of the probate court to order the sale. Such sale would not affect the right of dower. 40 Ark. 17, 33 Ark. 294.

2. The administrator's deed is *prima facie* evidence of the facts recited in it and the legality and regularity of the sale. Kirby's Digest, § 760; 50 Ark. 294. The presumption is that the land was sold to pay the debts of the intestate. 73 Ark. 612.

3. Occupancy is necessary to impress land with the homestead character. Intention to occupy is not sufficient, unless it is manifested by some of the usual constituents and concomitants of occupancy. 69 Ark. 596; 57 Ark. 179; 22 Ark. 400; 29 Ark. 280; 31 Ark. 466; 33 Ark. 399; 42 Ark. 175. The wife and children could not impress the land with the homestead character by moving on to it after the husband's death. He must have acquired a homestead in his lifetime. 31 Ark. 145; 33 Ark. 399.

4. The fact that the widow married before the land was occupied adversely will not enable her to recover the dower interest, even in the absence of the confirmation decree. She is barred by the seven years statute. 22 Ark. 263; 33 Ark. 294.

HILL, C. J. P. F. Shell owned the land in controversy, and was living near it with his wife and two children when he died. He intended to make it his homestead, and had a house in the course of construction and nearly completed when he sickened and died. He expected to have the house ready to move into it on Christmas day, 1880, but he took sick on December 13, and died on December, 17. Fifteen acres had been cleared and fenced, and he had planted turnips thereon; a stable and crib

were finished, and Shell was hauling corn to the crib when he took sick. The house was finished after Shell's death, and the family moved into it and occupied it for a time. Subsequently they removed to relatives in Tennessee, and Mrs. Shell married again. The land was sold under orders of the probate court, and purchased by Samuel Crockett, and Crockett sold to appellee, Young. Crockett and Young have been continuously in possession since the purchase till this suit, a period of 14 years. The suit is by the widow and heirs of Shell to recover the land, and they lost in the circuit court, and have appealed.

1. The first error alleged is that the sale by probate court without assigning the widow's dower was void for want of jurisdiction to order it. Such is not the law. The sale is simply inoperative, so far as the widow's dower is concerned, as it is an interest in the land superior to the claims of creditors, and the purchaser simply took subject to the right of the widow's dower, which may be set aside against the purchaser as well as the heirs and creditors. *Livingston* v. *Cochran,* 33 Ark. 306; *Webb* v. *Smith,* 40 Ark. 17.

2. The appellant claims that because the deed recites that the sale was "to pay the debts of said estate" the sale was for the purpose of paying the expenses of administration, and would be void under the decision of *Collins* v. *Paepcke-Leicht Lumber Co.,* 74 Ark. 81. This recital does not prove any such proposition, and is a quite common expression, and means, of course, the debts of the intestate. The presumption is that the lands were sold to pay the debts of the intestate duly probated against the estate, and an unlawful sale would not be presumed.

3. The next proposition is that the confirmation could not cure a void sale. As the court finds the sale is not void, it is unnecessary to discuss this point.

4. The principal question in the case is whether the land was a homestead. If it was impressed with the homestead character, then the probate court could not sell it for the debts of the decedent. It has been settled by a long line of decisions that actual occupancy of land as a home, not a mere intention to occupy it, is essential to the impressment of the homestead character. In consonance with the liberal construction of the homestead laws, which is the settled rule, this court held that where

the *bona fide* intention to occupy is manifested by some of the usual constituents and concomitants of occupancy, such as repairing and cleaning the house and moving in household goods and kitchen furniture, the actual personal presence of the members of the family were not necessary in order for the homestead character to attach. *Gill* v. *Gill,* 69 Ark. 596. This case in the chancery court evoked a learned opinion from the chancellor, where many cases along the same line are reviewed and discussed. 1 Martin's Ch. Dec. 40.

But this case fails to reach to this humane extension of the homestead character. There was no house ready for occupancy, and no place for the family to reside, and there never had been. The house was nearing completion, but the roof tree made it no more the homestead than the mudsill. The usual constituents of occupancy were absent, and necessarily absent until there was a house upon the land "occupied as a residence," or ready to be "occupied as a residence," in the language of the Constitution. Art. 9, § 4.

Chief Justice English said: "A homestead necessarily includes the idea of a house for a residence, or mansion house. The dwelling may be a splendid mansion, a cabin, or tent. If there be either, it is under the protection of the law, but there must be a *home residence* before it, and the land on which it is situated, can be claimed as a homestead." *Williams* v. *Dorris,* 31 Ark. 466. This statement was quoted and affirmed in *Tillar* v. *Bass,* 57 Ark. 179, where the court said: "In short, there was no evidence to show that he actually and in good faith occupied his land as a residence before the levy of the execution. His intention to do as at a future time, and failure on account of his wife's condition, did not endow it with the character of a homestead." See also *Gibbs* v. *Adams,* 76 Ark. 575.

Under the settled law in this State, giving the most liberal construction to the homestead exemption in order to effectuate the design of the framers of the Constitution, the facts here fail to show an impressment of the homestead character upon the land.

Judgment is affirmed.