GEBHART *v.* MERCHANT.

Opinion delivered November 18, 1907.

1. APPEAL—CONCLUSIVENESS OF FINDING OF FACT.—A finding of fact made by the circuit judge upon conflicting evidence will not be disturbed. (Page 362.)

2. TRIAL—GENERAL AND SPECIAL FINDINGS.—The statute which provides that "when the special finding of facts is inconsistent with the general verdict, the former controls the latter, and the court may give judgment accordingly" (Kirby's Digest, § 6208) applies to a finding of facts made by the trial judge, as well as to verdict of juries. (Page 362.)

3. HOMESTEAD—IMPRESSMENT.—Occupancy of a dwelling house with the intention of making it a home some time in the future does not constitute an impressment upon it of the homestead character. (Page 363.)

Appeal from Garland Circuit Court; *Alexander M. Duffie,* Judge; affirmed.

*C. V. Teague* and *J. W. & M. House,* for appellant.

1. Under the finding of facts, the occupancy of the property by the appellant and his family was sufficient to impress the homestead character upon it. 69 Ark. 596; 22 S. W. 1033; Waples, Homestead & Ex. 187; Thompson, Homestead & Ex. § 260; 29 Ark. 280; 14 S. W. 296; 78 Ark. 481.

2. Having sold his homestead in Texas and impressed the property in question with the homestead character, appellant does not lose his homestead rights in the latter by leasing it out and going to Texas to wind up his business there, since it was his intention to return to the Arkansas property. 73 Ark. 174; 66 Ark. 382; 65 Ark. 373; Thompson, Homestead & Ex., § 254; 22 S. W. 1034; 58 N. W. 204; 38 Tex. 414; 54 Ill. 177; 58 N. W. 1101; 16 N. W. 895; 9 Am. St. Rep. 515; 19 S. W. 704; 48 N. W. 543; 7 Mich. 506.

*Wood & Henderson,* for appellee.

1. The court's findings were correct. The evidence is clear that appellant never changed his residence from Texas to Arkansas. The most that can be claimed for him is that he had an intention to establish residence on the property at some future time. He has no homestead rights in the property. Art. 9, § 3, Const.; 53 Ark. 182; 24 Ark. 155; 29 Ark. 280; 33 Ark. 404; 31 Ark. 466; 42 Ark. 175; 51 Ark. 84; 57 Ark. 179; 46 Ark. 43; 69 Ark. 109; 78 Ark. 481.

2. If the property was ever impressed with the homestead character, it was lost by abandonment as shown by the testimony.

McCULLOCH, J. Appellee, W. B. Merchant, sued appellant, D. L. Gebhart, in the circuit court of Garland County to recover judgment for the amount of a debt due by contract, and caused an order of general attachment to be levied on certain real estate owned by appellant in the city of Hot Springs. Appellant claimed the property as his homestead, and filed his schedule in the action, verified by affidavit, claiming it as such.

The plaintiff controverted the allegations of appellant's schedule and affidavit, putting in issue the question whether or not appellant was a resident of the State of Arkansas or had ever impressed the property with the homestead character, and upon final hearing the court denied appellant's homestead claim, sustained the attachment, and ordered the property sold to satisfy appellee's judgment. The defendant appealed.

The property in controversy was formerly owned by appellant's father, Dr. J. L. Gebhart, of Hot Springs, who occupied it for many years as his home. Appellant resided in Texas, where he owned a home. He, too, is a practicing physician, and was also the owner of an apiary. His father was in very poor health, and some time during the fall of the year proposed to him that, if he (appellant) would come to Hot Springs to live and take care of him during his illness and would occupy the place as his permanent home, he would convey it to him. He accepted his father's offer, and in December sent his wife and two children to Hot Springs. He remained in Texas for the purpose, as he explains, of disposing of his home and bees and of collecting accounts due him, but came to Hot Springs about Christmas, and remained there three or four weeks. During this time his father conveyed the property to him pursuant to promise, and about this time he sold his home in Texas. He went back to Texas about January 20th, but left his family with his father in Hot Springs. His father died on February 3d, and he was summoned back just in time to get to Hot Springs before the death occurred. He remained in Hot Springs about three weeks, and then rented out the property there, and returned to Texas, taking his family with him, where he and they have remained up to the time of the trial below. He did not move any of his furniture or other property from Texas to Arkansas, but while he and his family were in Hot Springs they occupied the property in controversy. He testified that he accepted his father's offer and sent his family to Hot Springs with intention to make that his permanent home, but remained in Texas himself to dispose of his property and wind up his business; also that after his father's death he went back to Texas with his family temporarily on account of his wife's ill health, but intended to return to Hot Springs as his per-

manent home.   There was also testimony introduced by appellee as to conduct and statements of appellant which tended to show that he never intended to change his place of residence from Texas to Arkansas and never in fact took up his residence here.   The evidence is such, we think, that the court could have drawn a conclusion either way as to the intention of appellant to remove to Arkansas and occupy the property as his permanent home.   We would not feel at liberty to disturb a finding of the circuit judge either way on this question of fact. *Gazola* v. *Savage,* 80 Ark. 249.

The most serious question in the case, as it appears here, is whether the general findings of the trial judge sitting as a jury and the judgment of the court are consistent with the special finding of facts.   It is contended by appellant that they are inconsistent, and that for this reason the judgment should be reversed with directions to the court to enter judgment in accordance with the special finding.

The statute provides that "when the special finding of facts is inconsistent with the general verdict, the former controls the latter, and the court may give judgment accordingly."   Kirby's Digest, § 6208. · This statutory provision has reference especially to verdicts of juries, but it applies also to a finding of facts made by the trial judge.   The judgment of the court recites a general finding in favor of the plaintiff, and "that the claim of homestead made by the defendant, David L. Gebhart, should be denied;" and also recites the following finding of facts: "That the defendants, David L. Gebhart and Johnnie A. Gebhart, were at the time of the institution of this suit, and are still, nonresidents of the State of Arkansas; that the said defendants were at the time of the institution of this suit and the issuing of the attachment herein, and are still, residents of the State of Texas; that the defendant, David L. Gebhart, has never impressed the lot which he claims as a homestead in this action with the character of a home."   The bill of exceptions shows that the defendant presented in writing a certain finding of facts for the court to declare, and that the court, after striking out the words "reside" and "residing" where they occurred and inserting in lieu thereof the words "live" and "living," declared the following finding:

"That J. L. Gebhart agreed to make a deed to the property claimed as a homestead to D. L. Gebhart, with the understanding that D. L. Gebhart should make it his home; that pursuant to said agreement D. L. Gebhart sent his family to Hot Springs, Arkansas, to live on the land, and while they were so living on the land J. L. Gebhart executed said deed; that D. L. Gebhart intended to come to Hot Springs later and reside in person on the land; that defendant's family was living on the land at the time of the death of J. L. Gebhart and prior to institution of this suit."

It is argued that the facts thus found and recited necessarily constituted an impressment of the land in controversy with the homestead character, and that upon them the court should have found generally in favor of the homestead claimant, and rendered judgment accordingly.

The court found, however, as a matter of fact that the defendant "has never impressed the lot which he claims as a homestead in this action with the character of a home." This is recited in the judgment, not as a conclusion of law, but as a finding of fact, and it must be taken as an expression of the court's special finding of facts.

Now, taking this expression of the court's finding in connection with that recited in the bill of exceptions, it is clear that the finding of facts which the court meant to express was that appellant had the intention of occupying the property in question at some future time when he had disposed of his property and business in Texas, but that he never had the present intention of occupying it as a home and place of residence. The court evidently concluded, and meant to express the conclusion, that appellant sent his family to Arkansas with the intention of taking up his residence here on the property in question in the future, but that he did not intend that his place of residence should then be in Arkansas. This did not constitute an impressment of the homestead character to the land. *Shell* v. *Young*, 78 Ark. 479; *Gibbs* v. *Adams*, 76 Ark. 575; *Tillar* v. *Bass*, 57 Ark. 179.

There is a marked difference between a present intention, manifested by some of the usual acts of personal occupancy, to occupy real estate as a homestead, and the mere occurrence of

some of the usual acts of personal occupancy without a present intention to make it the homestead. In the one case the impressment of the homestead character is complete, while in the other it is not. Thus a man may move a portion of his household furniture into a house with the present intention to make it his home, and the impressment would be complete, even though death, destruction of the house by fire or the levying of process upon the property might intervene before actual occupancy could be completed. *Gill* v. *Gill*, 69 Ark. 596.

On the other hand, the man might move his furniture into the house with only the intention to make it his home at a future time on the happening of some other contingency, and the impressment would not be complete. *Gibbs* v. *Adams, supra.* In the case just cited the wife of the homestead claimant had, under his direction, moved a part of their furniture and household goods into a house on the real estate claimed as a homestead, and Mr. Justice RIDDICK, speaking for the court, said: "The evidence makes it very doubtful as to whether Mrs. Gibbs ever had any present intention of occupying the cabin on this lot as a home. She may have formed the intention of occupying it at some future time after it had been repaired and rendered fit for a habitation, but the intention to make it her home in the future did not protect it from the attachment lien."

A majority of the court are of the opinion that the finding of facts made by the court is not inconsistent with the general finding and the judgment of the court, and that both are sustained by the evidence.