CHASTAIN v. ARKANSAS BANK & TRUST COMPANY.

Opinion delivered February 12, 1923.

1. HOMESTEAD—RIGHT TO ACQUIRE.—There can be no such thing as a fraudulent acquisition of a homestead, for the law permits it regardless of the rights of creditors.

2. HOMESTEAD—ACTUAL OCCUPANCY.—Actual occupancy in good faith is essential to the impressment of the homestead character; a mere intent to occupy as a homestead in the future is not sufficient.

3. HOMESTEAD—GOOD FAITH OF OCCUPANCY.—Good faith of occupancy may be inquired into to determine whether the occupancy was for the purpose of establishing a home.

4. HOMESTEAD—OCCUPANCY—BURDEN OF PROOF.—The burden of proof is on one claiming a homestead to show such occupancy as is sufficient to establish a homestead.

5. HOMESTEAD—USE FOR OTHER PURPOSES.—The fact that the property is being partly used for other than residence purposes is insufficient to destroy the homestead right.

6. HOMESTEAD—GOOD FAITH OF OCCUPANCY.—Where partners in business, who owned a store building having numerous rooms on second floor but not adapted for a residence, being heavily in debt, made division of it, one taking the north half and the other the south, and each claimed to have established a residence in the upstairs rooms, but the circumstances showed that their occupancy was temporary for the purpose of evading process of creditors and not in good faith to establish homesteads, it was not error to deny them exemption.

7. APPEAL AND ERROR—OBJECTION TO JURISDICTION NOT RAISED BELOW.—Where the only. thing done below to raise the question of jurisdiction of the chancery court was a motion to dissolve an attachment, the question of jurisdiction cannot be first urged on appeal.

Appeal from Jackson Chancery Court; *Lyman F. Reeder,* Chancellor; affirmed.

*M. E. Vinson,* for appellants.

1. The chancery court has no jurisdiction. Allegations as to debts owing by the defendants to plaintiffs did not confer jurisdiction, nor allegations showing their marriage and claim of the property as a homestead. Partition of the property by the defendants so that it might be claimed as a homestead was not a sufficient allegation

showing fraud and that the partition deeds were fraudulent conveyances. As to homesteads there are no creditors, and a creditor cannot complain of a voluntary conveyance thereof by a debtor. 96 Ark. 579; 103 Ark. 145. Conveyance of a homestead is never fraudulent as to creditors. 75 Ark. 205; *Id.* 591; 109 Ark. 493; 33 Ark. 762; *Id.* 454; 44 Ark. 180; 43 Ark. 429; 52 Ark. 101; 99 Ark. 45. The lack of jurisdiction was raised in the lower court by the motion to discharge the attachments, by the several controverting affidavits filed by the defendant, and the motions to stay the proceedings; but, aside from that, the objection to jurisdiction may be raised on appeal for the first time. 98 Ark. 595.

2. Even if the court had jurisdiction, the attachment would not lie in this case. C. & M. Digest, § 554.

3. There is no conclusive proof that the property involved was ever partnership property. 37 L. R. A. 895, and cases cited.

Mere use by a partnership of real estate raises no presumption that it is partnership property. 81 Ark. 68.

4. Almost any kind of an estate will support the homestead claim. Lands held by tenants in common may be partitioned, and homestead set aside out of it. 63 Ark. 289, 299; 70 Ark. 129; 42 Ark. 504, 514; 35 Ark. 49; 39 Ark. 301-4-5; 54 Ark. 9; 99 Ark. 45 *et seq.;* 111 Ark. 15. Tenancy by curtesy will support the claim. 66 Ark. 382. Homestead may be claimed in lands owned jointly or as tenants by entirety. 83 Ark. 196. See also 70 Ark. 317; 123 Ark. 607; 56 Ark. 589; 74 Ark. 593 *et seq.;* 134 Ark. 521, 525, and cases cited; 146 Ark. 51.

5. If partnership property, the partners had the right to partition it and establish homesteads thereon. The purchase by a partner of partnership property is not *per se* fraudulent. 60 Ark. 18. See also 103 Ark. 105; 54 Ark. 449 *et seq.;* 91 Ark. 324, 327; 114 Ark. 14; *Id.* 384.

*Stayton & Stayton* and *Boyce & Mack,* for appellees.

1. The pleadings in which a debtor asserts a homestead right must set forth facts establishing the right,

and not a mere general allegation that the right exists. And evidence must be introduced to establish the allegations or the claim will fail.  21 Cyc. 635; 34 Ark. 55; 78 Ark. 479; 76 Ark. 575; 69 Ark. 596; 57 Ark. 179.

2.  It is not material in whose name the title to partnership property stands, whether in the name of one of the partners or all of them, or whether, on the face of the deed, they appear as tenants in common or whether it was conveyed to them expressly as partners. It is the fact that property was bought with partnership money, and that it is used in the partnership business, that impresses on the property the character of partnership real estate.  20 R. C. L. 857; 80 Am. Dec. 450, 451; 56 Ark. 167; 93 Ark. 61; 28 Ark. 259; 67 Am. Dec. 527, 538; 37 L. R. A. (N. S.) 889, at pp. 909, 910; 27 L. R. A. 449, note beginning at p. 550.

3.  Partnership realty is not subject to partition until after the payment of partnership debts.  20 R. C. L. 755; Id. 870; 118 A. S. R. 568-572; 68 Am. Dec. 604, and note, p. 606; 22 Am. & Eng. Encyc. of Law, 99.  Transfers of partnership assets by an insolvent firm which operate to hinder and delay creditors in the collection of their claims are held invalid in most courts. 30 Cyc. 543.  And agreements between partners converting firm property into separate property, etc., are, in effect, conveyances of such property, and subject to the rule pertaining to fraudulent conveyances.  22 Am. & Eng. Encyc. of Law, 2d. ed., p. 109.  Sales, interchanges and adjustments of partnership property between the partners are clearly alienations within the statute against fraudulent conveyances.  Bigelow on Fraudulent Conveyances, 136.  See also 48 Am. St. Rep. 596; 63 Id. 524; 1 Id. 589; 17 Id. 865; 20 Am. Rep. 762; 60 Am. St. Rep. 677.

4.  Partnership property is not subject to homestead or other exemptions, nor is a widow entitled to dower therein.  65 Ark. 550; 46 Ark. 43; 39 Am. St. Rep.

58; 28 L. R. A. 89, and note on p. 105; 76 Ill. 109; 21 Cyc. 506; 48 Ark. 557; 66 Ark. 251; 19 C. J. 473.

5. The chancery court had jurisdiction. C. & M. Digest, § 494; 33 Ark. 550; 38 Ark. 397; 20 R. C. L. 1043; 2 Rowley on Partnership, par. 820; 6 C. J. 205; Pomeroy's Eq. Jur., 4th ed., §§ 112, 171; *Id.* vol. 2, § 968; 67 Ark. 330, 332; 81 Ark. 78; C. & M. Digest, § 4880; 140 Ark. 558.

6. The property involved here is not of a nature or of such character as could be impressed with the homestead right, so as to place it beyond the reach of creditors. 31 Ark. 468; 134 Ark. 525; 14 Fed. Cas. 1048, 1049; 13 R. C. L. 594.

McCulloch, C. J. Appellants, T. B. Chastain and C. H. Chastain, were copartners in the operation of a retail merchandise business at Newport, Arkansas, and in the year 1914 they purchased a lot with a two-story brick building thereon for occupancy in the operation of their business. The lot in question is 50 x 150 feet in size, and the building is 50 x 90 feet, covering the full width of the lot. There is only one room on the ground floor, and the second floor is divided into numerous rooms. After the purchase of the building, appellants continued to occupy it as a place of business.

Appellants were both single men, and roomed elsewhere than in the building, but about two years before the present litigation began the proof shows that they established a dining-room in one of the upstairs rooms of this building.

Appellants increased their business to a considerable extent, and extended it to farming operations, and in the year 1920 became largely in debt, and finally became insolvent.

In May, 1921, appellants made a division of the property in question by one taking the north half of the building and the other taking the south half, and they executed conveyances to each other to carry out this division. Each of them had married a short time

before this division, and it is claimed that each of them established his residence in the upstairs of this building. Within a few weeks thereafter the appellees instituted separate actions in the chancery court of Jackson County against appellants, charging that the property was purchased with partnership funds and for partnership purposes, and that the partition conveyances executed between them was for fraudulent purposes to prevent creditors from collecting their debts. Each of the appellees sued out a writ of attachment, which was levied on the property in question.

Appellants filed answers, denying the charges of fraud, and claiming the respective parts of the property which had been allotted to each in the division as a homestead.

The proof of the marriage of appellants shortly before the commencement of these actions and their occupancy of the property in controversy as a homestead is very meagre, but the case was tried by all the parties upon the theory that appellants had become married men, and that there had been, to some extent, occupancy of the rooms in the second floor.

We fail to discover any direct proof as to the present value of the building, but it appears from the proof that the price paid for it by appellants in the year 1914 was $16,000, and that it has been carried in the list of assets at the value of $25,000.

The chancery court refused to allow the claims of homestead, and rendered decrees in favor of appellees, sustaining the attachments and declaring liens on the building.

The cases instituted by each of the plaintiffs were tried on the same testimony, and have been consolidated here for convenience, as they involve the same issue and the same proof.

It is undoubtedly true, as shown by the evidence, that the property in controversy was purchased with

partnership funds and was used, until divided, for partnership purposes.

Pretermitting the discussion of other questions and conceding that, after division of the real estate purchased by copartners for partnership purposes and before the acquisition of specific liens by creditors, the property may, by the individual partners, be impressed with the character of a homestead so that it may be lawfully claimed as such (*Richardson* v. *Adler*, 46 Ark. 43), we go to the question whether or not there is evidence sufficient to show that this property was actually occupied in good faith as a home so as to impress it with the character of a homestead.

There can be no such thing as the fraudulent acquisition of a homestead, for the law permits it, regardless of the rights of creditors. *Ferguson* v. *Little Rock Trust Co.*, 99 Ark. 45. It is quite another thing, however, to say that a given tract or lot of real estate must be occupied in good faith as a home before it becomes impressed with the character of a homestead under the law. This court has steadily adhered to the rule that actual occupancy in good faith is essential to the impressment of the homestead character. A mere intention to occupy as a homestead in the future is not sufficient. *Williams* v. *Dorris*, 31 Ark. 466; *Patrick* v. *Baxter*, 42 Ark. 175; *Tillar* v. *Bass*, 57 Ark. 179; *Gill* v. *Gill*, 69 Ark. 596; *Gibbs* v. *Adams*, 76 Ark. 575; *Gebhart* v. *Merchant*, 84 Ark. 359.

The good faith of the occupancy may be inquired into for the purpose, not of determining whether the occupant is entitled to impress the property as a homestead, but of determining whether the occupancy was to actually establish a home. *Gibbs* v. *Adams, supra; Kulbeth* v. *Drew County Timber Co.*, 125 Ark. 291.

The facts of the case must therefore be examined in the light of these decisions for the purpose of determining whether they are sufficient to show that the property in controversy was actually occupied in good faith as a home by appellants for the purpose of impress-

ing it with the homestead character. The burden of proof is on them to show that there was such occupancy as was sufficient to establish the homestead. *Pace* v. *Robbins,* 67 Ark. 252; *Gibbs* v. *Adams, supra.*

The controlling factor in the case is that the property is essentially unadapted for residence purposes. It is true that this court has held that the fact of property being partly used for other than residence purposes is not sufficient to destroy the homestead right (*Berry* v. *Meir,* 70 Ark. 129; *Earl* v. *Earl,* 145 Ark. 559), but in each of those cases it was clear that the property was used as a homestead. In the present case we must consider the character of the property for the purpose of determining whether it was, in fact, occupied in good faith as a homestead, or whether the occupancy was merely colorable and not for the purpose of actually acquiring a homestead, but for the purpose of preventing the creditors from seizing it at that time. *Gibbs* v. *Adams, supra.*

The building was, as before stated, a two-story one, adapted solely for business purposes and not as a residence. It was, moreover, a single building, and in its present condition is not susceptible of being divided. Of course, the lot could be divided in ownership, but the building itself was not susceptible of division for purposes of occupation as a place of residence. The facts and circumstances tend to show unmistakably that the occupancy by appellants of their respective halves of the building was merely temporary for the purpose of evading processes of creditors for the collection of their debts, and not in good faith for the purpose of establishing homesteads. The court was correct therefore in denying the exemptions claimed by appellants.

It is also insisted that the chancery court was without jurisdiction of the causes of action set forth in the complaints of appellees, but there was no objection made below to the jurisdiction of the court, and no motion to transfer to the law court, which should have been done if it was determined that there was an adequate remedy

at law. The only thing done below which had any appearance of raising the question of jurisdiction was a motion to dissolve the attachment, and this was insufficient to raise the question of jurisdiction of the court to hear and determine the rights of the parties under the allegations of the complaints. It is too late to raise the question now for the first time.

The decree in each case is therefore affirmed.