LITTLE ROCK GRANITE COMPANY *v.* ROSS.

Opinion delivered November 16, 1931.

*J. S. Utley* and *Wm. T. Hammock,* for appellant.

*Henry C. Riegler,* for appellee.

SMITH, J. Appellants brought this suit to recover damages to compensate a trespass alleged to have been committed by appellees in the removal of a small house and the digging up of a driveway on lot 58 of Stewart's Subdivision to the city of Little Rock. The house, a small building about twelve feet square, was torn down and the driveway was dug up for the purpose of clearing up a small lot which the defendants claim to own.

Plaintiffs' ownership of lot 58 is not denied, and the question in the case is one of fact whether the house and driveway were on lot 58.

Plaintiffs acquired title to lot 58 from J. M. Stewart, trustee, who had the subdivision bearing his name surveyed and platted and the map thereof recorded.

The portion of Stewart's land out of which lot 58 was carved has as its western boundary line the east boundary line of the north half of the northwest quarter of the southwest quarter of section 33, township 1 north, range 12 west. Adjacent to lot 58, and lying between it and the right-of-way of the Rock Island Railroad, is a small triangular lot 19 feet wide at its base and 57 feet in length and containing .22 of an acre. The plaintiffs do not claim to own this triangle. It is the property of the defendants, and the question in the case is the location of the line between lot 58 and this triangle. Defendants deny that the property damaged was on lot 58.

Two surveys of the line between lot 58 and the triangular lot were made, one being referred to as the Conway survey, the other as the Martin survey. In addition to the plats of these two surveys, the plat of the entire Stewart addition was offered in evidence, and the witnesses testified with reference to one or the other of these maps. The testimony is difficult to understand with the plats before us, and without them it would be almost impossible to make the testimony intelligible.

We shall not therefore set this testimony out, and it will suffice to say that, according to one survey, the property damaged was on lot 58, whereas it was not on that lot according to the other survey.

The cause was heard by the court sitting as a jury by consent, and certain findings of fact and declarations of law were made, upon which there was a judgment in favor of the defendants, and this appeal is therefrom.

It is practically conceded, and such is the fact, that the testimony is legally sufficient to support a finding either way upon the disputed question of fact. This being true, the finding of the court is as conclusive as the verdict of a jury would be, and we would not be required or permitted to pass upon the question of the preponderance of the testimony, and we do not do so.

It is insisted, however, that the judgment in favor of the defendants is contrary to and inconsistent with the special findings of fact made by the court as to the correct location of the dividing line between the two lots. If this be true, the judgment of the court must be reversed, for the statute which provides that, ''When the special finding of facts is inconsistent with the general verdict, the former controls the latter, and the court may give judgment accordingly'' (§ 1304, Crawford & Moses' Digest), applies to a finding of fact made by the trial court as well as to the verdict of a jury. *Gebhart* v. *Merchant,* 84 Ark. 359, 105 S. W. 1034. But we do not concur in the view that the court's special finding is in conflict with the judgment.

The essence of the plaintiffs' case was presented in a finding numbered six, which the court refused to make. This finding was to the effect that the plaintiffs were the owners of all that part of lot 58 lying east of the west boundary line of the north half of the northeast quarter of the southwest quarter of § 33, and that the defendants, through their agents and servants, entered upon said lot and tore down the building and dug up the driveway. The plaintiffs' right to recover was dependent upon the establishment of the facts which the plaintiffs requested the court to find. The court was not asked by the defendants to make any special findings, but the refusal to make this special and essential finding necessarily

indicated a finding to the contrary, as the controlling point in the case was the establishment of these facts.

As the judgment of the court is based upon testimony legally sufficient to sustain it, we must affirm it, even though in our opinion the judgment was contrary to the preponderance of the testimony. The judgment must therefore be affirmed, and it is so ordered.