## SOUTHWESTERN INSURANCE COMPANY v.
### Thomas CAMP

6139                                        489 S.W. 2d 498

Opinion delivered January 29, 1973

*Cockrell, Laser, McGehee, Sharp & Boswell,* for appellant.

*Frances T. Donovan,* for appellee.

Conley Byrd, Justice. In a trial before the court sitting as a jury a judgment was entered against appellant, Southwestern Insurance Company, and in favor of Thomas Camp for $1,000.00 plus 12% penalty and $150.00 attorney's fee. By this appeal the insurance company contends that the trial court did not give them credit for the $50.00 deductible and that when they are properly given credit, Camp did not recover the amount sued for and consequently is not entitled to the penalty and attorney's fee.

The record shows that Camp filed suit admitting that the policy contained a $50.00 deductible provision. In his complaint he also alleged that the actual cash value of his automobile at the time of the collision was $1,000. He then prayed for judgment for $1,000 plus 12% penalty and attorney's fee. At the trial he furnished

proof which would have sustained a judgment in excess of $1,050.00, but after both sides had rested the following occurred:

"THE COURT:

I find that the before value of this automobile to be the amount of $1,000.00. I find the after value to be $200.00.

MR. NEIGHBORS:

Your Honor, I believe we are entitled to take off the $50.00 deductible. I believe I asked the plaintiff on cross examination if it was a $50.00 deductible.

MR. DONOVAN:

Judge, we have no claim over the salvage, the insurance company has the car. We are asking for a $1,000.00 judgment.

THE COURT:

You have to give credit for what the balance is.

MR. DONOVAN:

We are entitled to the actual cash value of the automobile as of the date of the accident.

THE COURT:

Then you can have the car.

MR. DONOVAN:

They took custody after the accident. It is in their pool. We have no control over it.

MR. NEIGHBORS:

Your Honor, the company will be happy to let Mr. Camp have the salvage.

THE COURT:

I will give a judgment for $1,000.00 and let the company keep the car.

MR. NEIGHBORS:

$950.00?

THE COURT:

That's what it will be."

Thereafter the court entered a judgment which, after reciting the witness heard, provided:

"It is therefore ordered,. and adjudged by the Court that the plaintiff Thomas Camp, recover from the defendant the sum of $1000.00, together with attorney fees of $150.00, 12% penalty, and interest at 6% from this date until paid, together with all costs herein expended, for which execution may issue."

Ark. Stat. Ann. § 27-1741.3 (Repl. 1962), provides that when a jury returns a verdict containing both specific findings of fact and a verdict general in terms that the specific findings of fact shall control over the general verdict. Our cases in construing this statute and other statutes like it have consistently applied the same statutory rule to cases tried before the court sitting as a jury—that is special findings of fact control over the general verdicts. See *Little Rock Granite Co.* v. *Ross,* 184 Ark. 667, 43 S.W. 2d 533 (1931). As we read the record here the trial court made a special finding that the before value of the automobile was $1,000.00. Since the complainant admits that there was a $50.00 deductible clause we can only conclude that the trial court erred in entering judgment for more than $950.00.

Camp concedes that under our well-known case law, the attorney's fee and penalty pursuant to Ark. Stat. Ann. § 66-3238 (Repl. 1966) are not allowable where he does not recover the exact amount for which he sued, but he argues that this is a ridiculous burden to put on the insured. We cannot agree. The construction placed upon the penalty and attorney's fee provision was done at a time when there was grave doubt about the constitutionalty of the statute. There have been many sessions of the legislature since that construction was

given and the statute has not been amended to require a different interpretation. Consequently, we decline to re-examine that construction.

Reversed and remanded with direction to enter judgment for $950.00.