## DANIEL M. ROBBINS *vs.* ST. PAUL, STILLWATER & TAYLOR'S FALLS RAILROAD COMPANY.

### November 22, 1875.

**Condemnation of Land for Railroad — Measure of Compensation — Harmless Error.**—In proceedings by a railroad company organized under the general statutes of the state, to condemn an entire lot of land to its use, an instruction to the jury that the question for them to determine was what was the value of the property in question on the day when the report of the commissioners was filed, and that it was their duty to return a verdict for the plaintiff for the amount so determined, (there being nothing in the case to show that the fee of the land, burdened by the easement which the company seeks to impose on it, would be of any more than nominal value,) is not such error as that this court will, on that ground, order a new trial.

The defendant having instituted proceedings to condemn certain land of plaintiff, the latter appealed from the award to the district court for Ramsey county, where the action was tried before *Wilkin*, J., and a verdict rendered for plaintiff for an amount in excess of the award. A new trial was refused, and defendant appealed.

*A. B. Stickney* and *O'Brien & Eller*, for appellant.

*Lamprey & James*, for respondent.

GILFILLAN, C. J. The only question in this case not disposed of by previous decisions of this court is that upon the proper measure of damages. That question is raised by the charge of the court below to the jury, that the question for them to determine was what was the value of the property in question on August 5, 1873, (the date of filing the report of the commissioners,) and that it was their duty to return a verdict for the plaintiff for the amount so determined.

The objection made to the rule thus laid down is, that as this company, which is organized under the general laws of the state, acquired, by these proceedings, only an easement in the property for so long a time as the company should continue, and as by its articles of incorporation it was to continue only for fifty years, four of which had elapsed when the proceedings were instituted, it is the value of such

easement, and not of the fee, which furnishes the proper measure of damages. If the company acquires merely an easement, to continue for that period, this proposition is theoretically correct. It is the damage caused by imposing the easement on the land which the owner is entitled to receive. But Gen. St. ch. 34, § 5, (under which statute this company was organized,) gives it authority to renew the term of its existence, from time to time, for periods not longer than fifty years. The easement which it imposes on land by these proceedings is not one for a definite period, but one which, at its pleasure, it may make practically perpetual. The jury are to estimate the damages caused by imposing such an easement on the land. The value of the fee of land burdened by such an easement is, presumptively at least, only nominal, and there was nothing in the case to rebut the presumption. The difference between the measure of damages as laid down by the court and the theoretically accurate measure is, therefore, only nominal, and, admitting that the rule was inaccurately stated, the maxim *de minimis* will apply.

Order affirmed.