SADIE CONWAY vs. M. D. ELGIN, impleaded, etc.

June 5, 1888.

Appeal—Judgment on Pleadings—Effect of Reversal.—It does not follow that, because an order of the trial court directing judgment for plaintiff upon the pleadings has been reversed by this court, the defendant is entitled to a like judgment.

Equity—Rescission—Fraud—Issue of Fact.—Complaint and answer considered, and *held* to present an issue of fact for trial.

Homestead—Mortgage—Signature of Wife.—A mortgage of the homestead by the husband, without the wife's signature, is wholly void. Following *Barton* v. *Drake*, 21 Minn. 299.

Plaintiff brought this action in the district court for Crow Wing county, for the cancellation of a mortgage on her husband's homestead, which, as she alleges, when signed by her (in Crow Wing county), was wholly blank as to the names of the grantees, the consideration, the description of the property, and the terms of payment of any sums, and was not sealed or acknowledged by her. She further alleges in the complaint that she never authorized her husband or any person to fill any blanks in the instrument, unless her husband should carry out what he told her when obtaining her signature to the blank instrument was his intention, of calling a meeting of his creditors in Minneapolis, and effecting a settlement; but that having entrusted the instrument to her husband on this condition, it was afterwards, without performance of the condition, filled out at Minneapolis, by some person unknown to her, with the name of defendant Elgin, as mortgagee, and her husband was induced to sign it, and some person unknown affixed a seal to her signature, and the signatures of witnesses and a certificate of acknowledgment by herself and husband (false as to her) were added, and the instrument was then delivered to defendant Elgin, to whom neither she nor her husband was in anywise indebted. The substance of the answer is stated in the opinion. On July 23, 1886, an order for judgment for plaintiff on the pleadings was made, from which the defendant appealed to this court, where the order was re-

versed for plaintiff's failure to serve a brief or appear at the argument of the appeal. The cause having been remitted to the district court, the defendant Elgin moved for judgment on the pleadings, which was denied, and the cause was tried by *Sleeper*, J., who found the allegations of the complaint to be true, and ordered judgment for plaintiff cancelling the mortgage. The defendant Elgin appeals from an order refusing a new trial.

*Corrigan & Bradish*, for appellant.

*Fred. B. Dodge*, for respondent.

COLLINS, J. But two points need be considered on this appeal.

1. The fact that the order directing judgment for plaintiff upon the pleadings (complaint and answer) herein was reversed by this court does not, of itself, entitle defendant to judgment upon the same pleadings. The only question presented upon the appeal, and consequently the single one decided, was that defendant's answer so far controverted plaintiff's complaint as to entitle the former to a hearing upon the merits. This answer, while containing averments as to Mr. Conway's indebtedness to the defendants Kelly & Co., its assignment to defendant Elgin, and the giving of the notes,—all of which were undoubtedly regarded by plaintiff as not affecting her right of action, as presented in her complaint, and therefore not inviting a reply,—put squarely in issue the material allegations, the unlawful and fraudulent diversion, in defendants' interests, and with their knowledge, of the blank mortgage which plaintiff had been induced to sign and entrust to her husband, through his representations, which were also well known to defendants, that the mortgage should only be filled out and used in case he could compromise with all his creditors, and relieve himself of the financial disaster then imminent. The answer did not contain new matter requiring a reply; for the essential allegations therein are defensive only,—practically, a denial of plaintiff's claim that she had been defrauded by the defendants' acts. With such an issue of fact before it, the court very properly denied the defendant's motion for judgment on the pleadings.

2. The appellant cites authorities from several of the states upon the proposition that as the mortgage blank was, after its delivery by plaintiff to her husband, filled out by his consent, and then properly

signed, acknowledged, and delivered by him to one of the defendants, it is invalid only as against the homestead rights of the wife. The counsel evidently overlooked the fact that as early as 1875 this court interpreted the statute on this point, holding that a mortgage of the homestead by the husband, without the signature of the wife, is wholly void. *Barton* v. *Drake*, 21 Minn. 299. And this commendable conclusion has been repeatedly recognized since it was announced.

Order affirmed.