McCROSKY v. WALKER.

Decided January 16, 1892.

*Homestead—Detached parcels of land.*

A homestead cannot consist of two parcels of land, not exceeding in the aggregate 160 acres, where one of the parcels is distant a mile from that upon which the dwelling is situated, although used in connection with it to supply fuel.

APPEAL from *Jackson* circuit court.

JAMES W. BUTLER, Judge.

*Robert Neill* for appellant, with whom was *Franklin Doswell*.

A homestead may include land detached from the family residence or mansion house. Mr. Thompson, in his work on Homesteads & Ex., p. 126, sec. 145, says the weight of authority is against the proposition, but we think not. Citing and reviewing 36 N. H., 158; 46 *id.*, 43; 42 Vt., 27, cited in Thomp. on H. & Ex., sec. 146, pp. 126-7-8-9, and sec. 154,

note 2. Missouri, North Carolina and Texas decisions hold that a homestead may embrace detached parcels. Thompson H. & Ex., secs. 146–153, and notes. See also 9 Am. & Eng. Enc. Law, p. 426, sec. 2, and notes 2 and 3 ; 57 Vermont, 293; 15 S. W. Rep. (Ky.), 357. Our constitution (sec. 4, art. 9) does not by its terms require the homestead to be composed of one compact body of land. The only tests are that it be owned and *occupied* as a residence and not exceed in value $2500 when composed of more than 80 acres.

As to occupancy, see 32 Kas., 646; Am. & Eng. Enc. Law, vol 9, p. 437, and note 4. The homestead law is remedial and will not be given a narrow construction. 25 Ark., 102 ; 35 *id.,* 51. See also 43 Ark., 433 ; 41 *id.,* 94.

*Walker* pro se.

COCKRILL, C. J. The appellant is the owner of an undivided half of a 113-acre farm upon which he has established a homestead ; he is also owner of an undivided half of a tract of timbered land containing forty acres, distant one mile from the farm. The court found from the evidence that the last mentioned tract had long been in use in connection with the homestead to supply fuel for its use, but declared that such use did not constitute it a part of the homestead, and for that reason declined to direct the clerk to issue a *supersedeas* to withhold it from sale on execution.

The only question presented by the appeal is whether a homestead can embrace land a mile away from that upon which the dwelling is situated, when used in connection with the homestead.

The courts divide in their answers to this query. In Thompson on Homesteads, section 145, the cases upon the two sides are collected, and it is there said that "the weight of authority is that detached tracts of land, although used and cultivated as a part of the home farm, form no part of the statutory homestead."

It is difficult to determine how the question stands on the adjudicated cases. Some of the decisions on the question

are of no value in determining the legal meaning of the
term homestead, because they are controlled by the phrase-
ology of the written law which they construe.   There is no
express ruling upon the point by this court, but the ques-
tion has been several times most pertinently adverted to.

In the first decision upon the question of the homestead
exemption in this State, Chief Justice English defined a
homestead as " the place of a home or house, that part of
a man's landed property which is about and contiguous to
his dwelling house."   *Tumlinson* v. *Swinney*, 22 Ark., 403.
In *McKenzie* v. *Murphy*, 24 Ark., 158, Judge Fairchild, in
delivering the opinion of the court, speaks of the home-
stead " as the land, or town or city lot, upon which the
family residence was situated."   In *Williams* v. *Dorris*, 31
Ark., 468, Chief Justice English treats the definition given
in *Tumlinson* v. *Swinney* as applicable to the provisions of
the constitution of 1868.   As late as 1886, Judge Smith in
announcing the judgment of the court in *McCloy* v. *Arnett,*
47 Ark., 453, repeated the same definition in a case governed
by the constitution of 1868, and said that that was " the de-
fined legal sense " of the term.   There was nothing in the
phraseology of the act first referred to or in the constitu-
tion of 1868 to restrict the meaning of the term homestead.
The definition thus frequently sanctioned by the judges of
this court is substantially that given by Webster, Worcester
and the Imperial Dictionary, as well as by Burrill, Bouvier
and Anderson.   In neither of the cases cited was there a
claim of a non-contiguous tract of land as a part of the
homestead, and while the cases may be said not to be
strictly controlling as authority, they are entitled to great
respect as the opinions of some of the first jurists of our
bench to the effect that the common acceptation of the
term as given by the lexicographers is also its legal meaning.

We find nothing in the constitution of 1874, the provis-
ions of which govern this cause, indicating that the framers
of that instrument intended to enlarge the commonly ac-
cepted meaning of the term.   It prescribes that the home-
S C—20

stead of any resident of the State who is married or the head of a family shall not be subject to lien or sale, with certain exceptions, and that " the homestead outside any city, town or village, owned and occupied as a residence, shall consist of not exceeding 160 acres of land, with the improvements thereon, to be selected by the owner." Art. 9, secs. 3 and 4. The privilege of selection cannot be considered an enlargement of the homestead privilege. It is rather a restriction, for it is limited to lands upon which the homestead has been already impressed and is intended as a means of carving a part out of the whole when the homestead exceeds the area limited by the constitution. Even where it is held that the homestead may consist of non-contiguous tracts, a capricious and unreasonable selection of non-contiguous tracts within the homestead area is not permitted. *Jaffrey* v. *McGough*, 88 Ala., 648. By the terms of the constitution the lands claimed as a homestead must be " occupied as a residence," and it is limited to a given area " with the improvements thereon." As the improvements must comprise a dwelling house, and must be upon the lands claimed as a homestead, it would seem to follow that the constitution contemplates that the homestead should be the land upon which the dwelling is situated ; and that goes to confirm the view that the term is used throughout in its commonly defined sense.

We concur therefore with the circuit court in the ruling that it was not intended that the homestead might include a tract of non-contiguous land lying a mile away from that upon which the residence is situated. From a number of cases, *Bunker* v. *Locke*, 15 Wis., 635, *Randal* v. *Elder*, 12 Kas., 260, and *Kresin* v. *Mau*, 15 Minn., 116, may be selected as stating the reasons for the rule.

Judgment affirmed.