ISBELL *v.* JONES.

Opinion delivered June 10, 1905.

1. HOMESTEAD—CONVEYANCE—VALIDITY.—The motives with which a. conveyance of his homestead was executed by a debtor cannot be inquired into by his creditors.  (Page 592.)

2. SAME—SCHEDULE.—Under Kirby's Diest, § 3902, a right of homestead is not lost by failure to file a schedule claiming it.  (Page 593.)

Appeal from White Circuit Court.

HANCE N. HUTTON, Judge.

Affirmed.

*Appellant, pro se.*

A nonsuit will not prevent another cause of action. 47 Ark. 120; 36 Ark. 383. A sheriff's deed relates back to the date of the judgment. 50 Ark. 109. The right of homestead is a personal privilege. 55 Ark. 139; 53 Ark. 182; 67 Ark. 232; 70 Ark. 69. And must be exercised as the law directs. 41 Ark. 249; 34 Ark. 111; 53 Ark. 182. The transfer of Jones and wife was fraudulent as to creditors. 29 Ark. 409; 24 Ark. 410. The homestead right was forfeited by abandonment. 33 Ark. 454; 51 Ark. 242. Fraud was sufficiently proved. 45 Ark. 525; 48 Ark. 419; 31 Ark. 666; 41 Ark. 316; 26 Ark. 201. The fee of real estate of the decedent cannot be sold by order of the probate court for the payment of debts subject to homestead rights of his minor children. 50 Ark. 329; 47 Ark. 445.

*J. N. Cypert,* for appellees.

BATTLE, J. George W. Jones owned a certain tract of land in White County, in this State. He conveyed it to his wife, L. M. Jones. J. A. Godsey recovered a judgment against him at the January, 1896, term of the White Circuit Court, for $385.65, and $25 for damages. On the 31st day of January, 1896, Godsey caused an execution to be issued on the judgment, directed to the sheriff of White County, and caused him to levy on the land to satisfy the same. On the 11th day of March, 1896, after having advertised the land for sale, the sheriff undertook to sell

the same to Ben Isbell, he being the highest bidder therefor, and on the 5th of July, 1897, pretended to convey it to Isbell, no one having redeemed it. On the 17th day of October, 1899, George W. Jones and his wife, L. M. Jones, conveyed the land to E. E. Jones, who conveyed it to J. R. Blessing, and he took possession thereof. Some time in May, 1901, Isbell brought a suit against George W. Jones and his wife, L. M. Jones, E. E. Jones and J. R. Blessing in the White Chancery Court, which was afterwards transferred to the White Circuit Court, to recover the land and to set aside the deeds executed by Jones to his wife, and by Jones and wife to E. E. Jones, and to Blessing by E. E. Jones. Judgment was rendered by the court in favor of the defendants, and plaintiff appealed.

The land was occupied as a homestead by George W. Jones and wife from the time he acquired it, which was before the rendition of the judgment in favor of Godsey, and at all times thereafter until they conveyed it, on the 17th day of October, 1899, to E. E. Jones. George W. Jones was a married man, and a resident of this State, and the tract of land in controversy, occupied by him as a homestead, was outside of any town or city, and did not contain exceeding eighty acres. Under the Constitution of this State, it was not "subject to the lien of any judgment or decree of any court, or to sale under execution, or other process thereon, except such as may be rendered for the purchase money, or for specific liens, laborer's or mechanic's liens for improving the same, or for taxes, or against executors, administrators, guardians, receivers, attorneys, for moneys collected by them and other trustees of an express trust, for moneys due from them in their fiduciary capacity." Art. 9, sec. 3. Judgments for damages caused by torts are not excepted. There was no restraint upon his selling or conveying it. Creditors cannot, therefore, lawfully complain of it being fraudulently conveyed. "They could not reach it if not conveyed, and the motive for the conveyance does not concern them." His grantee can hold the land, notwithstanding the judgment against him. *Stanley* v. *Snyder,* 43 Ark. 429; *Carmack* v. *Lovett,* 44 Ark. 180; *Bogan* v. *Cleveland,* 52 Ark. 101; *Campbell* v. *Jones,* 52 Ark. 493; *Davis* v. *Day,* 56 Ark. 156; *Pipkin* v. *Williams,* 57 Ark. 242; *White Sewing Machine*

*Co.* v. *Worster,* 66 Ark. 382; *Gray* v. *Patterson,* 65 Ark. 373.

Under the statutes of this State'it was not necessary for him (George W. Jones) to file a schedule to protect the homestead against a judgment or execution. Kirby's Dig. § 3902.

Judgment affirmed.