FLOWERS v. UNITED STATES FIDELITY & GUARANTY COMPANY.

Opinion delivered March 8, 1909.

1. HOMESTEAD—INTENTION TO OCCUPY.—The mere intention to build a house upon land and occupy it as a homestead does not impress the homestead character upon the land. (Page 507.)

2. EXECUTION—MOTION TO QUASH—DEFENSE.—A court will not quash an execution issued upon a judgment rendered therein upon the ground that the judgment was procured without any service of summons upon the defendant unless he shows that he had a valid defense to the action. (Page 508.)

Appeal from Garland Circuit Court; W. H. Evans, Judge; affirmed.

George G. Latta, for appellant.

1. It is clearly shown that Flowers purchased the property for a homestead, intending to use and occupy it as such, and worked two years in the effort to put the land in condition to utilize it for that purpose, spending all the means at his command. The homestead laws are liberally construed. Having done all that he could in furtherance of his purpose, the fact that he had not yet actually built a house on the land when ill health compelled him to leave the State temporarily should not defeat his claim. The land was impressed with the homestead character. 76 Ark. 575; 73 Ark. 174; 22 Ark. 408; Kirby's Dig. § 3902; 48 Ark. 539; 37 Ark. 283; 55 Ark. 55; 56 Ark. 621; 51 Ark. 527; 38 Ark. 112.

2. Judgments are no liens on homesteads, and creditors cannot question nor interfere with the transfer of a homestead. 74 Ark. 165; 43 Ark. 429; 44 Ark. 180; 52 Ark. 101; id. 493; 56 Ark. 156; id. 253; 57 Ark. 242; 66 Ark. 383; 65 Ark. 373; 70 Ark. 69. Nor is the right of homestead lost by reason of failure to file a schedule claiming it. 75 Ark. 591.

3. Want of service of the original summons was sufficient ground for relief. Kirby's Dig. § 3224.

Greaves & Martin, for appellee.

1. The land was not exempt. It was never at any time owned and occupied as a homestead, never impressed with the homestead character. 31 Ark. 466; 51 Ark. 84; 57 Ark. 179; 76 Ark. 575; 69 Ark. 596; 69 Ark. 104; 63 Ark. 289.

2. Appellant's vendee, C. T. Bailey, was a necessary party to any proceeding in which relief against the judgment and execution were sought. Kirby's Dig. § 5999.

HART, J.   On the 14th day of June, 1906, the United States Fidelity & Guaranty Company recovered judgment against Henry Flowers and King B. Flowers, Jr., for $286.85 in the circuit court of Garland County, Arkansas.   At that time King B. Flowers, Jr., owned the following described tract of land, to-wit:  S. W. ¼ of the N. E. ¼ and the N. E. ¼ of the S. E. ¼ of sec. 14, township 2 south, range 19 west, in said county, and about one year afterwards sold it to C. T. Bailey for the sum of $800.   In April, 1908, an execution was issued and levied on the lands above described, and the same were advertised to be sold on the 11th day of May, 1908.   Before the day of sale King B. Flowers, Jr., moved to quash the execution under section 3224 of Kirby's Digest, and for cause stated that he had never been served with summons in the case of United States Fidelity & Guaranty Company v. Henry Flowers and King B. Flowers, Jr., nor had knowledge that judgment had been rendered against him in said cause in the Garland Circuit Court until the execution was issued and levied upon the said lands.

King B. Flowers, also, filed his schedule before the clerk of said circuit court, claiming that said property was his homestead at the time of the rendition of said judgment, and as such was exempt from execution.   The clerk denied his application for a supersedeas.   The proceedings to quash the execution and to compel the clerk to issue a supersedeas were, by agreement of parties, consolidated and considered by the court together.   The court denied the motion to quash the execution, and held that the property was not exempt from seizure and sale under the execution.   King B. Flowers, Jr., has duly prosecuted an appeal from this judgment of the court.   Should this judgment be affirmed?

Briefly stated, the evidence shows that about 2 years before the judgment against him was rendered Flowers, who was a married man and a resident of the State of Arkansas, purchased the land in question with the intention of making it his homestead.   It was heavily timbered, and had no improvement of any character on it.   Flowers cut a great deal of the timber into cordwood, and hauled it away.   He partly cleared about eight acres.

He never built a house, dug a well or built a fence on any part of it. He never lived on it, but lived in the city of Hot Springs during the whole time he was cutting the timber. He said he became ill, and on the advice of his physician went to Texas for several months. On his return to Hot Springs he engaged in the plumbing business, and for lack of means was unable to prepare himself a dwelling house on the land. The premises were never used by Flowers as a home. There was only an intention to occupy it as such, at some indefinite future time when he should become able to build a home or house thereon. This was not sufficeient to impress upon the land the homestead character. In the case of *Williams* v. *Dorris,* 31 Ark. 466, the court said: "A homestead necessarily includes the idea of a house for residence, or mansion house. The dwelling may be a splendid mansion, a cabin or tent. If there be either, it is under the protection of the law, but there must be a home residence before it, and the land on which it is situated, can be claimed as a hometsead." This language was quoted with approval in the later cases of *Tillar* v. *Bass,* 57 Ark. 179, and *Shell* v. *Young,* 78 Ark. 479.

In the case of *Patrick* v. *Baxter,* 42 Ark. 175, the facts were as follows: Patrick recovered a judgment before a justice of the peace against Baxter, an execution was issued, and returned *nulla bona.* Patrick filed a certified transcript of the judgment in the office of the circuit clerk. An execution was issued by the clerk and levied upon the lot of Baxter. At the time of the levy, Baxter was building a house on the lot with the intention of making it his home. The court held that he had not impressed upon it the character of a homestead when the execution was levied upon it, that it was not exempt from execution.

In the case of *Gebhart* v. *Merchant,* 84 Ark. 359, the court held that occupancy of a dwelling house with the intention of making it a home sometime in the future does not constitute an impressment upon it of the homestead character.

Section 3224 of Kirby's Digest provides that a judge of a court out of which an execution issues may for a good cause shown, stay, set aside or quash the execution. The ground upon which Flowers invoked the aid of the court under this section was that the judgment upon which the execution was issued was rendered without any service of summons being had upon him.

The court was right in not quashing the execution. The judgment was valid upon its face, and the term at which it was rendered had elapsed. Flowers does not even claim that he had valid defense to the action. Conceding that no summons was served upon him, and that because of this fact the judgment was obtrained through fraud or mistake, the court which rendered it could not have vacated it until it was adjudged that there was a valid defense to it. *Chambliss* v. *Reppy*, 54 Ark. 539. Besides that, the court may have well found from the evidence that service of summons was had upon Flowers. While the summons itself was lost, and Flowers testified positively that no service was had upon him, the attorney for the plaintiff in the case was equally positive that the service was had, and detailed the circumstances that caused him to examine the return of the service at the time the judgment was rendered.

The judgment is affirmed.