JOSEPH DELISHA and Another v. MINNEAPOLIS, ST. PAUL, ROCHESTER & DUBUQUE ELECTRIC TRACTION COMPANY.[1]

May 6, 1910.

Nos. 16,479—(60).[2]

**Railway — Perpetual Easement for Right of Way.**

A perpetual easement for a railway right of way over land is an incumbrance thereon and an interest therein.

**Same — Contract by Married Man — Homestead.**

A contract by a married man to convey a right of way over land owned and occupied by himself and family as a homestead is void without the signature of his wife.

**Same.**

The husband in this case owned a quarter section of land, less six acres in the southeastern corner thereof. His dwelling house, which he and his wife occupied as a homestead, was located on the north half of the quarter. He executed a contract, which his wife did not sign, whereby he agreed that, upon the survey of defendant's line, he would convey to it an easement for a permanent railway right of way across the quarter, without designating any particular part thereof. The right of way was afterwards surveyed and built on part of the north half of the quarter. *Held*, upon a consideration of the evidence, that the trial court correctly instructed the jury that the north half of the quarter was the plaintiffs' homestead, and that the contract was void as to that part of the right of way located thereon.

Action in the district court for Dakota county to recover possession of a certain strip of land and $1,600 for the use of the same. The facts are stated in the opinion. The case was tried before Crosby, J., and a jury which returned a verdict in favor of plaintiffs for $600. From an order denying defendant's motion for a new trial, it appealed. Affirmed.

*Boutelle & Chase* and *R. T. Boardman,* for appellant.

*Hodgson & Lowell,* for respondents.

[1]Reported in 126 N. W. 276.            [2]April, 1910, term calendar.

START, C. J.

The plaintiffs are, and were during the times herein stated, husband and wife, and brought this action in the district court of the county of Dakota to recover possession of a strip of land taken by the defendant for the purpose of constructing its line of railway over the northwest quarter of section 4, township 113, range 20, owned by the plaintiff Joseph Delisha. The answer was to the effect that the land was taken by the defendant for its right of way by virtue of a written contract between it and the plaintiff Joseph Delisha, granting a right of way over his land. The contract was not executed by his wife. The reply alleged that the contract was made upon certain conditions, which had not been performed, and, further, that the land was the homestead of the plaintiffs. The jury found for the defendant upon the issue whether the contract was a conditional one.

The trial court instructed the jury that, in case the contract was not conditional, then it was valid as to the south half of the quarter section and invalid as to the north half thereof, for the reason that it was the homestead of the plaintiffs, and that they were entitled to damages only for the taking of the north half of the quarter section by the defendant for its right of way. Verdict for the plaintiffs in the sum of $600. The defendant appealed from an order denying its motion for a new trial.

The trial court by its instruction to the jury necessarily determined as a question of law that the north half of the quarter section was the homestead of the plaintiffs at the time the contract was made and that it was void as to the homestead. The correctness of this instruction is the principal question raised by the assignments of error meriting consideration. The undisputed evidence established the facts following:

The plaintiffs' farm is a regular quarter section, less six acres in the southeast corner thereof, which is owned and occupied by a church. The plaintiffs' dwelling house and farm buildings were located on the north half of the quarter, near the northeast corner thereof, in which they were, and had been for some eight years, residing at the time, August 24, 1907, the contract with the defendant was made. They then had no other home or homestead. After the

making of the contract, and in September, 1907, the plaintiffs took a lease for a term of three years of a farm adjoining their own, upon which there was a dwelling house with other farm buildings, which were located across the highway from their own. The lease required the plaintiffs to keep the buildings on the demised farm occupied, and they accordingly removed from their own house into the one leased, where they were living and carrying on both farms at the time of the trial of this action. They left some of their household furniture in their own house, and members of the family occasionally lodged therein. Their removal from their own house was for the purpose of complying with the terms of the lease, and with the intention of returning to their own house and home on the expiration thereof. They claimed the north half of the quarter as their homestead, but it does not appear that any notice of such claim was filed. The contract in no manner indicated upon what part of the quarter section the defendant's right of way was to be constructed. It simply provided for a right of way four rods wide over and across the quarter section, and that when the defendant should locate and survey the right of way the plaintiff Joseph Delisha should execute a proper conveyance of an easement of permanent right of way over the land. The right of way as thereafter surveyed and located across the quarter section commenced near the northwest corner thereof, and left it on the south side six hundred sixty-six feet east of the southwest corner.

Upon these facts the question whether the north half of the quarter section was the plaintiffs' homestead at the time the contract with the defendant was made was a question of law. Did the trial court correctly decide the question? We are of the opinion that it did. Whatever may be the judicial decisions in other states, based upon their special constitutional and statutory provisions as to homesteads, a contract in this state by a married man to convey a perpetual easement for a railway right of way over his homestead is void without the signature of his wife. Such an easement is a perpetual incumbrance upon, and an alienation of, an interest in the land, leaving the remaining fee of nominal value only. R. L. 1905, § 3456; Robbins v. St. Paul, S. & T. F. R. Co., 22 Minn. 286; Barton v. Drake,

21 Minn. 299; Conway v. Elgin, 38 Minn. 469, 38 N. W. 370; Law v. Butler, 44 Minn. 482, 47 N. W. 53, 9 L.R.A. 856.

The question is, then, whether the north half of the plaintiffs' farm was their homestead at the time the contract was executed. If it was, then it is immaterial whether it subsequently lost its character as a homestead. Alt v. Banholzer, 39 Minn. 511, 40 N. W. 830, 12 Am. St. 681; Murphy v. Renner, 99 Minn. 348, 350, 109 N. W. 593, 8 L.R.A. (N.S.) 565, 116 Am. St. 418.

The plaintiffs' dwelling house was located on the north half of their farm, and at the time the contract was made he was residing therein with his family as their home, and had so occupied it for eight years. The land upon which the dwelling house stood, and contiguous land, not exceeding in all eighty acres in a reasonable compact and convenient form, constituted his homestead. No other selection of his homestead was necessary. Kelly v. Baker, 10 Minn. 124 (154); Barton v. Drake, 21 Minn. 299. The north half of the plaintiffs' farm was, at the time the contract was made, obviously a compact, convenient, and proper homestead of eighty acres. Any other selection would have resulted in an irregular tract, by reason of the six acres owned by the church in the southeast corner of the tract.

It is, however, urged in effect by the defendant that there were one hundred fifty-four acres in the plaintiffs' farm. The defendant took only 3.9 acres for its right of way. The plaintiff had ample land left for a homestead of eighty acres; hence it is conclusively presumed as a matter of law that when he. executed the contract he selected his homestead outside of the limits of its right of way. The case of Hall v. Gottsche, 114 Iowa, 147, 86 N. W. 257, is cited in support of this claim.

In that case the defendant, a married woman, owned two lots of land upon which was a dwelling house occupied by herself and family as a homestead. She was entitled to a homestead not exceeding in area one lot. She made a contract, which her husband did not sign, whereby she agreed to convey a definite part of the rear end of the two lots, not including the house, and leaving enough land upon which the house was located to constitute the full homestead exemption. Action was brought against her and her husband to compel specific

performance of the contract. Defense that the contract was **void**, because its subject-matter was a homestead and it was not signed by the husband. It was held that the contract was valid on the ground that it was an election to treat the land not included therein as the homestead.

Obviously the cited case is not here in point, for the reason that the wife in that case could and did intelligently determine what part of her land she would convey and what part she would retain as her homestead. In the case at bar there was and could be neither a selection nor an election as to the homestead, for by the contract the husband did not undertake to convey a right of way over any definite portion of his farm, but over any part or portion thereof upon which the defendant might elect to survey and locate its right of way. If the contract in this case is valid, then the defendant had the right to locate its right of way along and over that part of the land actually occupied by the dwelling house. The only party to the contract who had any right of election or selection was the defendant. We hold that the contract was void.

The defendant further contends, citing Lucy v. Lucy, 107 Minn. 432, 120 N. W. 754, that the plaintiffs are estopped from asserting any interest in that part of the farm taken by it for its right of way, because they allowed the defendant to go on the land, presumably under the agreement, and expend large sums of money grading the right of way. The evidence affords no support for the contention. Murphy v. Renner, supra.

We find no reversible error in the rulings of the trial court as to the admission of evidence.

Order affirmed.