TOWNSHIP OF WARSAW v. KNUTE E. BAKKEN.[1]

Nos. 19,613—(220[2], 37[3]).

January 28, 1916.

**Abatement and revival — action to enjoin obstruction to road.**

> An action to restrain defendant from obstructing a roadway through his land and to abate the nuisance caused by its obstruction, the issue being whether under an agreement relative to the opening of the roadway and what was done pursuant to it the roadway became a town road, affects interests in land and does not abate upon the death of a party.

May 26, 1916.

**Homestead — right of way without wife's consent.**

> An agreement by a husband in which his wife does not join and to which she does not assent, to give a town the right of way for a road across a tract which constitutes the homestead of the parties, is void.

[1]Reported in 156 N. W. 7, 157 N. W. 1089.
[2]October, 1915, term calendar.
[3]April, 1916, term calendar.

---

Note.—For authorities on the question of power of husband to create easements in homestead without wife's consent, see note in 27 L.R.A.(N.S.) 963.

**Same — evidence.**

> There is no evidence in this case that the wife either expressly or by
> implication assented to the agreement and no evidence of estoppel.

Action in the district court for Goodhue county to restrain defendant
from building any fences or other obstructions in a certain road and to
abate a nuisance. The case was tried before Johnson, J., who made
findings and ordered judgment in favor of defendant. From an order
denying its motion for a new trial, plaintiff appealed. Affirmed.

*Mohn & Mohn,* for appellant.

*A. J. Rockne,* for respondent.

On January 28, 1916, the following opinion was filed:

PER CURIAM.

Motion in this court by the plaintiff to substitute the successors in
interest in place of the defendant, deceased since the appeal. The motion
is opposed upon the ground that the action abated upon the death of the
defendant.

The action is for an injunction restraining the defendant from ob-
structing a roadway through his land and for an abatement of the nui-
sance caused by such obstruction. The issue was whether under an
agreement between the plaintiff town and the predecessor in title of the
defendant and what was done pursuant to it the roadway became a town
road. The defendant prevailed. The action affected interests in land.
Such an action does not abate upon the death of a party. See G. S.
1913, §§ 7685, 8174 (R. L. 1905, §§ 4064, 4502).

Motion granted.

On May 26, 1916, the following opinion was filed:

BUNN, J.

In the year 1903 the town of Warsaw, in Goodhue county, opened a
public road running west along a section line to a point near a north and
south section line, thence in a southerly direction substantially on this
section line to the southeast corner of a forty acre tract then and after-
wards owned by Ole J. Hamre, thence westerly along the southerly

133 M.—9.

boundary of this forty acre tract. This road was worked, improved and traveled by the public until May, 1908, when the town caused a new road to be opened across the Hamre forty. This new road was a cut-off, beginning about 700 feet north of the southeast corner of the forty, and extending in a southwesterly direction across it to the southwest corner of the forty, there connecting with the old road to the west. In 1911, Hamre conveyed this forty acre tract to defendant. In 1912, defendant built wire fences across the new piece of road, thereby obstructing travel thereon. This action was brought to enjoin defendant from building or maintaining any fences or other obstruction in the road. The decision was in favor of the defendant, and plaintiff appeals from an order denying its motion for a new trial.

The trial court found, in substance, that the new road was built across Hamre's land pursuant to an agreement between him and the town board, by the terms of which Hamre agreed to give the right of way and the town agreed to construct, maintain and keep in repair the new road and to repair and improve the old road to the west so as to enable threshing rigs to move over the same and over the new road. It was also found that the new road was staked out by Hamre and plaintiff, that plaintiff put in culverts and to some extent graded and prepared the road for travel, and that the road was traveled by the public until obstructed by defendant. The court found, however, that plaintiff failed to perform its contract with Hamre, in that it failed to build or maintain or keep in repair the new road, or the old road to the west, within a reasonable time or at any time, so as to enable threshing rigs to move thereover, and that Hamre, in 1910, notified plaintiff that he would close the road for failure on its part to perform its contract.

Plaintiff claims that Hamre dedicated the right of way for the new road, that the dedication was accepted, and that the failure of the town to perform a condition attached to the dedication gives no right to rescind, does not work a reverter, though it may give a right to recover damages. Defendant's view is that there was no dedication, but a contract based upon mutual promises. The questions are interesting ones, and would merit careful consideration if it was necessary to decide them. But whether there was a dedication of the strip by Hamre, or a contract such as the court found, it seems to us that it must be held that the town

acquired no interest in the land. The evidence was undisputed, and the court found as a fact that the forty acre tract over which Hamre granted the right of way for the new road was the homestead of himself and wife, then and thereafter occupied as such by them and their family. Mrs. Hamre took no part in the alleged dedication, or the contract, and there can be no fair claim that she assented to the grant, either expressly or by implication. Under these circumstances the act of Hamre in attempting to grant a right of way across the tract was absolutely void. Delisha v. Minneapolis, St. P. R. & D. Elec. Traction Co. 110 Minn. 518, 126 N. W. 276, 27 L.R.A.(N.S.) 963.

We have not overlooked the argument of plaintiff's counsel against this conclusion. The authorities that he cites are not in point. It can make no difference that a common law dedication does not operate by grant, but by estoppel. There was no evidence to show an estoppel of the wife in this case. Nor can we see any sound distinction between an oral agreement such as the evidence shows in this case, and a deed or written contract executed by the husband without his wife joining therein.

The views above expressed make it unnecessary to consider the claims of error in the admission of testimony, as well as the claim that the findings are against the evidence as to the nature of the agreement and as to plaintiff's failure to perform it.

Order affirmed.