DEAN v. COLE.

Opinion delivered December 8, 1919.

1. HOMESTEAD—ABANDONMENT.—In order to constitute an abandonment of a homestead, there must be a removal with intention not to return.

2. HOMESTEAD — WHO MAY CLAIM.—Since the homestead claimant may sell the homestead free from judgment or execution, except for claims enforceable against it, the plea of homestead is available to his grantee.

3. HOMESTEAD—TIME OF ASSERTING CLAIM.—The failure of a homestead claimant to assert his claim of exemption before it was sold under execution or to file a schedule thereof does not work a forfeiture of the homestead right, which may be asserted when suit for possession is brought.

Appeal from Crawford Chancery Court; J. V. Bourland, Chancellor; affirmed.

J. E. London, for appellant.

When J. T. and Russie Cole moved off the land to Van Buren they lost their homestead right by abandonment, and the plea of homestead is only available to the homestead claimant and not to his grantee, and (3) T. A.

Cole can not avail himself of homestead as a defense, because J. T. and Russie Cole forfeited their right to homestead by failing to claim it before the execution sale or by filing a schedule. 55 Ark. 139-142. Jesse Cole did not claim the property as a homestead, nor did his wife, and the sale is not questioned so far as the title of appellant is concerned, and it is good as to all. Appellee has no title and the judgment should be reversed.

*Starbird & Starbird* for appellee.

J. T. Cole had no greater interest in the land than an estate by entirety in one-third thereof. When the land was conveyed to J. T. and Russie jointly, instead of to Russie alone, it only made J. T. a trustee for his wife and he had no interest subject to execution or other process. When J. T. and Russie moved to Van Buren they did not lose their homestead right, as they announced their intention to return and occupy the land as a homestead. There was no abandonment. The chancellor so held, and his finding is sustained by the evidence. Under our laws *now* a grantee or the holder of a homestead claim can make defense of homestead in a suit by a purchaser at execution sale. 66 Ark. 382; 75 *Id.* 591; Kirby's Digest, § 3902. This case is identical with 75 Ark. 591.

HUMPHREYS, J. This suit was begun in the circuit court of Crawford County by appellant against appellee, J. T. Cole, to recover possession of 120 acres of land in said county. Appellant alleged ownership and the right to possession of said lands by purchase at an execution sale under a judgment obtained by him against J. T. Cole on the 3rd day of July, 1916, and that appellee, J. T. Cole, through his tenant, Joe Mullen, was in the wrongful possession thereof.

Appellee, T. A. Cole, filed an intervention, alleging that he was the owner of said lands by purchase from appellees J. T. Cole and Russie Cole on the 9th day of March, 1917; that, at the time he so purchased them and at the time appellants obtained judgment and sold the lands under execution and obtained a sheriff's deed

thereto, said lands were the homestead of J. T. and Russie Cole; and that he, by tenant, and not J. T. Cole, was in the actual and rightful possession of said real estate. Intervener prayed that his title be quieted against the claim of appellant and moved and obtained a transfer of the cause to the chancery court of said county.

In that court, appellant filed an answer denying the material allegations set forth in the intervention.

We have refrained from setting out the other issues joined in the pleadings, because the determination of the issue stated is decisive of the case.

The cause was submitted to the court upon the pleadings and evidence, from which it was found that at the time appellant obtained judgment against appellee, J. T. Cole, sold the land in controversy under execution, became the purchaser thereof and obtained his deed thereto, said lands were the homestead of appellees Jesse Cole and Russie Cole; that T. A. Cole purchased said lands from J. T. and Russie Cole, free from any judgment or execution lien in favor of appellant. A decree was rendered in accordance with the findings of the court dismissing appellant's original complaint and quieting the title to said lands in T. A. Cole, from which findings and decree, an appeal has been prosecuted to this court.

The facts relating to the main issue in the case are, in substance, as follows: On the 3rd day of July, 1916, appellant recovered judgment against J. T. Cole in the circuit court of Crawford County for $59.10, including costs. On the 5th day of February, 1917, execution was issued, and on the 8th day of the same month levied upon the lands in controversy. Said lands were sold under the execution and purchased by appellant for the amount of his judgment and costs. After the expiration of redemption, to-wit, on the 27th day of April, 1918, the sheriff executed appellant a deed for said lands. Russie Cole inherited an undivided one-third interest in said lands from her father, Samuel Smith, who died

intestate in the year 1913. Gussie Meadors, another daughter, also inherited an undivided one-third interest therein. On the 8th day of September, 1915, Gussie Meadors sold the land to either J. T. Cole or Russie Cole, or to both, and she and her husband conveyed it to J. T. Cole and Russie Cole, who were, and are, man and wife. In order to pay the purchase money for the undivided one-third interest sold by Gussie Meadors and conveyed to the Coles, J. T. Cole and Russie Cole executed a mortgage upon an undivided two-thirds interest in said land for $500 to J. H. Cole. Immediately after the purchase of the Gussie Meadors interest in said land, J. T. Cole and Russie Cole moved upon and occupied it as their homestead. In April, 1916, they, with their children, moved to Van Buren and lived in a rented house. They both testified it was their intention to return to the lands, but, in the meantime, were compelled to sell it in order to pay the mortgage. On the 9th day of March, 1917, they sold the land to T. A. Cole, the intervener, who, as a part of the consideration therefor, paid the mortgage. J. T. Cole was a married man, the head of a family, and a resident of the State of Arkansas at the time the lands were purchased and thereafter. The lands were situated in the county and an undivided one-third interest therein was of the value of about $1,000. Neither J. T. Cole nor Russie Cole owned any other lands.

Appellant contends that, when J. T. and Russie Cole moved off the land to Van Buren, they lost their homestead right therein by abandonment. In order to constitute abandonment of a homestead, the homestead claimant must remove therefrom with an intention not to return. No such intention appears from the facts and circumstances in the case. Their avowed intention was otherwise. They did not purchase another home, but lived temporarily in a rented house after they moved to Van Buren. When the lands were about to be sold under execution, J. T. Cole protested and notified the prospective bidders that, if they bought, it would be

subject to his homestead right. Their avowed intention to return to the land was thwarted by necessity. The mortgage given to obtain the money to purchase. a part of the lands practically absorbed it. The chancellor is, therefore, sustained in the finding that it was the homestead of J. T. and Russie Cole, when appellant obtained his judgment and sold the land under execution.

Again, it is insisted by appellant that the plea of homestead as a defense to judgment or execution liens is available only to the homestead claimant and not to his grantee. Under article 9, section 3, of the Constitution of 1874, and the Homestead Act of the General Assembly of 1887 (Kirby's Digest, section 3898), homesteads are not subject to judgment or execution liens on ordinary claims, but only such claims as are specified in the Constitution and act. The claim in the instant case is not one of the specified claims that may be enforced against a homestead. A homestead claimant may, therefore, sell his homestead free from any judgment rendered against him or execution issued thereon, unless for claims which may be enforced against a homestead under the Constitution and act. *Isbell* v. *Jones*, 75 Ark. 591.

Lastly, it is insisted that T. A. Cole cannot avail himself of the plea of homestead as a defense against the execution sale, because J. T. and Russie Cole forfeited their homestead right before they sold the lands to him, by failing to claim it as exempt before the execution sale, or by failing to file a description or schedule of same in the recorder's or clerk's office. Such a failure on the part of a homestead claimant does not work a forfeiture of the homestead right. The right may be asserted when suit is brought for possession of the lands constituting the homestead. Section 3902, Kirby's Digest. *Isbell* v. *Jones, supra.*

No error appearing, the decree is affirmed.