PULSE *v.* McGREGOR.

Opinion delivered June 3, 1929.

*Jonas F. Dyson,* for appellant.
*Ross Mathis,* for appellee.

BUTLER, J. The appellant, Pulse, was the owner of two twenty-acre tracts of land in section 15, township 5 north, range 2 west, in Woodruff County, Arkansas, one being the west half of the southwest quarter of the southwest quarter and the other the south half of the southwest quarter of the southeast quarter. A judgment was rendered against Pulse in an action for debt, an execution was issued and levied on the west twenty, which was in due time sold by the sheriff, and his deed issued to the purchaser after the time for redemption from sale had expired. Pulse, the judgment debtor, brought this suit, alleging that the lands levied upon and sold were a part of his homestead, and that the deed executed by the sheriff was a cloud upon his title, and prayed for its cancellation.

The two twenty-acre tracts mentioned are all the lands owned by Pulse. His dwelling is situated on the east twenty, near its western boundary, and there are a few acres cleared on that tract, the remainder being wet and unfit for cultivation. Pulse is a farmer, and the greater part of the land which he cultivated was on the west twenty. The chancellor denied his prayer for cancellation and dismissed his bill for want of equity, and he has appealed.

At an early date in the history of this court Mr. Chief Justice ENGLISH, speaking for the court, defined a homestead as that "part of a man's land and property which is about and contiguous to his dwelling house." *Tumlinson v. Swinney*, 22 Ark. 400. That definition has been adhered to and reiterated from time to time by this court, without any exception having been made, and in the case of *McCroskey v. Walker*, 55 Ark. 303, 18 S. W. 169, Mr. Chief Justice COCKRILL, after having reviewed the decisions of this court, held that a homestead could not be claimed in noncontiguous lands.

The appellant cites the case of *Stuckey v. Horn*, 132 Ark. 357, 200 S. W. 1025, as holding contrary to the rule announced in *McCroskey v. Walker, supra;* but in that

case the homestead right had attached before it was separated by the railroad right-of-way which ran across the tract of land, thus separating it. Moreover, the fee to the land occupied by the railroad as its right-of-way never passed from the homestead owner, the railroad only having acquired an easement therein. Thus the fee remained whole and undivided in the owner. The facts in the case of *McCroskey* v. *Walker, supra,* and in the instant case are much alike; in the one, the tracts of land were separated by a distance of a mile, and in the case now under consideration by a distance of three-eighths of a mile.

We think, on the authority of the decisions referred to, the decree of the chancellor is correct, and it is affirmed.