## BANK OF HOXIE *v.* GRAHAM.

Opinion delivered January 11, 1932.

1066

*G. M. Gibson*, for appellant.

*W. P. Smith* and *O. C. Blackford*, for appellee.

HART, C. J., (after stating the facts). At the outset, it may be stated that it is the settled law of this State that creditors cannot attack as fraudulent the conveyance of a homestead as made without a consideration and in bad faith as to them. The reason is that, under

our Constitution and statutes, the homestead is not subject to the lien of a judgment or to a sale under execution except in certain specified instances. It is conceded that appellant, Bank of Hoxie, does not fall within the excepted class of creditors. *Bogan* v. *Cleveland,* 52 Ark. 101, 12 S. W. 159, 20 Am. St. Rep. 158; *Davis* v. *Day,* 56 Ark. 146, 19 S. W. 502; *Fluke* v. *Sharum,* 118 Ark. 229, 176 S. W. 684; *Dean* v. *Cole,* 141 Ark. 177, 216 S. W. 308; and *Starr* v. *City National Bank,* 159 Ark. 409, 252 S. W. 356.

This is conceded to be the settled law in this State, but it is earnestly insisted that there has been no selecting or setting apart of the 80 acres of land as a homestead, and that the value of the whole tract amounts to much more than $2,500. Under our Constitution, the homestead outside any city, town, or village, owned and occupied as a residence, shall consist of not exceeding 160 acres of land with the improvements thereon to be selected by the owner; provided, the same shall not exceed in value the sum of $2,500, and in no event shall the homestead be reduced to less than 80 acres, without regard to value. Constitution, art. 9, § 4. The claim that the 80 acres of land was not selected as a homestead is not tenable. It contains the home of the family and was occupied by them as a residence from the time J. M. Graham purchased it in 1914 until his death in 1928, and since that time it has been occupied by the widow and those of the children who live with her. From the beginning, constitutional and statutory provisions relating to homestead exemptions have been liberally construed in this State in the interest of the family home.

In the early case of *Tumlinson* v. *Swinney,* 22 Ark. 400, 76 Am. Dec. 432, the term "homestead" has been designated as the place of a house or home, that part of a man's landed property which lies about and contiguous to his dwelling house with the inprovements and appurtenances. The same definition of a homestead has been recognized and applied by the court in interpreting all our Constitutions on this subject. *Williams* v. *Dorris,* 31 Ark.

468; *McCloy* v. *Arnett,* 47 Ark. 453, 2 S. W. 71; *McCrosky* v. *Walker,* 55 Ark. 303, 18 S. W. 169; *Flowers* v. *United States Fidelity & Guaranty Company,* 89 Ark. 506, 117 S. W. 547; and *Pulse* v. *McGregor,* 179 Ark. 712, 17 S. W. (2d) 888.

In 13 R. C. L., § 53, p. 588, it is said that in a majority of the States occupancy of a place by a family is presumptive evidence of its appropriation as a homestead, and is notice to all the world of that fact, it being furthermore the rule that the purchase of a home with the intention to occupy it as a homestead, followed by actual occupancy within a reasonable time, impresses it, *ab initio,* with the homestead character and inviolability. Among the cases cited is *Tumlinson* v. *Swinney,* 22 Ark. 400.

In that case the court quoted with approval from *Cook* v. *McChristian,* 4 Cal. 26, construing the homestead act of California, the following:

"The statute does not require any record of the selection of the homestead, and points out no mode in which the intention to dedicate property as a homestead shall be made known. In this particular the statute is lame, and it will be observed, from reading the whole act, that the Legislature by accident has omitted this necessary provision. In the absence of any statute regulating the subject, the filing of notice in the recorder's office of the county could have no legal verity, and would not be conclusive on purchasers or creditors. The homestead is the dwelling place of the family, where they permanently reside. By the common law such residence would raise the presumption that the premises so held were the homestead, and every one would be bound to take notice of the character of the occupant's claim, as occupation is *prima facie* evidence of title. There is no dispute in this case that the plaintiffs knew of the defendant's possession. Such possession, taken in connection with other circumstances in the case, was properly submitted to the jury, from which to find the fact of the dedication of the premises as a homestead."

In the present case, the evidence shows that the land upon which the dwelling house is situated, and the contiguous land, not exceeding eighty acres, was in a reasonable, compact and convenient form and constituted Graham's homestead. J. M. Graham resided on the land from the time he purchased it in 1914 until he conveyed it to his wife in December, 1928. No other selection of his homestead was necessary. *Delisha* v. *Minneapolis, St. Paul, Rochester & Debuque Electric Traction Company,* 110 Minn. 518, 126 N. W. 276, 27 L. R. A. (N. S.) 963.

It is next insisted that the court erred in not setting aside the deed as to the remaining sixteen acres and ordering it sold for the payment of the debts to appellant bank. We do not think the court erred in so holding. There was a valid mortgage on the whole homestead with nearly $1,000 balance due on it. The great preponderance of the evidence shows that the remaining 16 acres of land was not worth more than $250. Hence no useful purpose could have been served in setting aside the conveyance as to the 16 acres and ordering them sold, provided appellees had the right to have them first sold in satisfaction of the mortgage indebtedness to the exclusion of the homestead.

In the case of *Grimes* v. *Luster,* 73 Ark. 266, 84 S. W. 223, Am. St. Rep. 34, the court in discussing a similar and kindred question of law said:

"In *Littell* v. *Jones,* 56 Ark. 130, [19 S. W. 497] an action was brought by next friend of minors to select and set apart to them a homestead in a tract of 240 acres, and to require a creditor holding a mortgage upon the whole to be limited to the part not selected as homestead. The selection was held proper to be made, and the mortgage, which was subject to their rights, enforced only against the surplus over the homestead. The principal of selecting one of two homesteads is not different from segregating a homestead out of an area larger than the homestead limit. The rule allowing a debtor to select a homestead has long been in force in this State."

As we have already seen, the whole theory of our homestead laws is based upon the idea of giving a family home to debtors, which is exempt from the liens of judgments and executions levied upon them except in certain specified cases. The policy of the statute is to preserve the home to the family, and we think the interpretation put upon the case of *Littell* v. *Jones,* 56 Ark. 139, 19 S. W. 497, in the later case of *Grimes* v. *Luster, supra,* is applicable to this case, and should govern.

Therefore the decree will be affirmed.