MIDDLETON *v.* McCOY.

4-3242

Opinion delivered December 11, 1933.

*Hays & Turner* and *Alonzo D. Camp,* for appellant.
*Robert J. Brown, Jr.,* for appellee.

JOHNSON, C. J., (after stating the facts). If the chancellor's finding to the effect that the deed from T. G. McCoy to appellee was for a valuable consideration, and was not executed with the intent to cheat, hinder or defraud creditors, is not clearly against the preponderance of the testimony, this case must be affirmed. *Cherry* v. *Brizzolara,* 89 Ark. 309, 116 S. W. 668; *Compagionette* v. *McArmick,* 91 Ark. 69, 120 S. W. 400; *Sullivan* v. *Winters,* 91 Ark. 149, 120 S. W. 843; *Lyons* v. *First National Bank,* 101 Ark. 368, 142 S. W. 856; *Kissire* v. *Plunkett-Jarrell Grocer Co.,* 103 Ark. 473, 145 S. W. 567.

It is stipulated by counsel that lot 14, block 2, Pinehurst Addition, was the homestead of T. G. McCoy at the time of the conveyance. Therefore, under the law, he

could sell or give same away if he liked, and his creditors would have no right to complain. When the homestead is subtracted from the deed of T. G. McCoy, it leaves only lot 1, Bragg's Second Addition, which was sold for a consideration of $550. This is a valuable consideration. It is true the testimony tends to show that this lot was worth approximately $1,500, if sold on "reasonable terms," but it can not be certainly said that a conveyance was voluntary which carried an expressed consideration of this sum of money.

Since this conveyance was not a voluntary one, no presumption of fraudulent intent attends its execution either in the grantors or grantee. Section 108, 12 R. C. L., Fraudulent Conveyances, page 594.

We conclude that the chancellor's finding is not clearly against the preponderance of the testimony, and its judgment should therefore be affirmed.