First State Bank of Corning *v.* Gilchrist.

4-3686

Opinion delivered February 18, 1935.

*C. O. Raley* and *F. G. Taylor,* for appellant.

*W. A. Jackson* and *O. C. Blackford,* for appellees.

Johnson, C. J. Appellant, First State Bank of Corning, is a judgment creditor of appellee, R. F. Gilchrist, and instituted this proceeding in the chancery court of Clay County against him to subject certain real estate previously owned by Gilchrist to the payment of its judgment. The facts developed upon trial were to the effect, that on April 18, 1931, Gilchrist conveyed to his daughter and son-in-law 200 acres of land which denuded him of all property. Gilchrist died during the pending of the suit, and the suit was thereafter defended by his grantees.

This conveyance expressed a cash consideration of $358, and that the grantees assumed and agreed to pay a mortgage indebtedness to the Federal Land Bank of $2,075, and also that grantees would provide a home for the grantor for the remainder of his life.

The pertinent facts are not in substantial dispute, and may be summarized as follows: That this 200-acre tract of land was and had been the homestead of Gil-

christ for a number of years prior to the conveyance, and at the time of the conveyance was of the value of $20 per acre or a total value of $4,000. The chancellor found that 160 acres of the tract was the homestead of Gilchrist at the time of the conveyance and was therefore exempt to him under article 9, § 4, of the Constitution of 1874, but that the conveyance to the 40 acres in excess of the homestead exemption was fraudulent and entered a decree accordingly.

The judgment creditor, conceiving the relief granted inadequate, prayed and was granted, an appeal to this court, but no cross-appeal is here presented, although argued in briefs.

The payment by appellees of $358 in cash, and the assumption and agreement to pay to the Federal Land Bank an outstanding mortgage indebtedness of $2,075 by appellees was a valuable consideration for this conveyance, and no fraudulent presumptions arise from its execution, therefore the burden rests upon appellant to show by testimony that the conveyance was fraudulent. See *Middleton* v. *McCoy,* 188 Ark. 359, 65 S. W. (2d) 541.

The great preponderance of the testimony shows that this tract of land was reasonably worth at the time of the conveyance $20 per acre or $4,000, but from this acreage and value must be deducted Gilchrist's homestead exemptions. *Middleton* v. *McCoy, supra,* and *Bank of Hoxie* v. *Graham,* 184 Ark. 1065, 44 S. W. (2d) 1099.

This deduction must be effected to determine the real intent of the grantor at the time of the alleged fraudulent conveyance, because he had the untrammelled right to give away his homestead if he so desired, and no creditor could complain.

Under article 9, § 4, of the Constitution of 1874, Gilchrist had exempt to him as a homestead, in any event, 80 acres of this tract, which left 120 acres about which creditors might complain. This 120-acre tract figured at $20 per acre had a value of $2,400 at the date of the conveyance, and the undisputed evidence shows that appellees paid and agreed to pay by the assumption of the outstanding mortgage indebtedness a sum in excess of $2,000. This consideration was ample and adequate, and

the chancellor erred in deciding otherwise, but, since no cross-appeal has been prayed or granted, we cannot correct the decree in this behalf. Crawford's Ark. Digest, Appeal and Error, § 309.

No reversible error appearing, the decree is affirmed.