McGAUGH, ADMINISTRATOR, *v.* MATHIS.

Opinion delivered November 19, 1917.

1. MARRIAGE—PROOF OF—CERTIFICATE OF JUSTICE.—Where the question of appellee's marriage to deceased is in issue, and appellee has shown a proper marriage license, a certificate of marriage signed by a justice of the peace, is admissible, although no proof is offered that the person signing the certificate was in fact a justice at the time.

2. MARRIAGE—PROOF.—The fact of marriage may be proved by direct, circumstantial or presumptive testimony, by either documentory or oral evidence.

3. MARRIAGE—PROOF—PRESUMPTION.—Where the existence of a marriage is established in fact, every necessary prerequisite to the validity thereof will be presumed until the contrary is shown.

4. MARRIAGE—PROOF—PRESUMPTION.—The evidence held insufficient to overcome the presumption of the validity of the marriage between deceased and appellee.

5. DOWER—SEPARATION—ACCEPTANCE OF DEED.—A wife can not claim dower in deceased's lands where she agreed to a separation from him and accepted a deed to certain lands in lieu of dower.

6. HOMESTEAD—WHAT LAND MAY BE SET ASIDE.—A widow can be allotted the homestead right only in land upon which the husband impressed the homestead during his lifetime.

Appeal from Benton Circuit Court; *J. S. Maples,* Judge; reversed in part, affirmed in part.

*Vol T. Lindsey,* for appellants.

1. The evidence is insufficient to show that appellee was lawfully married to the intestate. There is no proof as to the official character of the Missouri justice. 99 Ark. 147; 9 R. C. L. 568. The burden was on appellee to prove a valid marriage.

But if so, the marriage was rendered void by proof of a former marriage. 67 Ark. 278; 54 S. W. 744. In the absence of proof the law of Texas as to marriage is presumed to be the same as the law of Arkansas. 70 Ark. 17; 65 S. W. 143. See also, 16 L. R. A. (N. S.) 98.

2. It was error to admit the decree of the circuit court of Jasper County, Mo., granting a divorce from Lucinda Mathis. 47 Ark. 120; 70 *Id.* 343; 201 U. S. 561; 110 *Id.* 701.

3. The court erred in setting aside as a homestead the lot in Gentry. The husband had not impressed the homestead character upon the lot during life, and they never resided upon it. 33 Ark. 399-404; 29 *Id.* 280; Const. Ark., Art. 9, § 6.

Appellee, *pro se.*

1. The evidence is sufficient to show a lawful marriage between appellee and the deceased. The presumption is in favor of marriage.

2. The appellants are estopped from objecting to the decree of divorce. Lucinda consented to it and accepted a settlement deed under it. Appellants can not collaterally attack the decree. 14 Cyc. 723.

2. The evidence sustains the decree as to both dower and homestead.

HUMPHREYS, J. Appellee filed a petition in the probate court of Benton County, Arkansas, for the allotment of dower in the personal property and real estate

of R. J. Mathis, deceased, described in the inventory of the administrator; and for a homestead right in lot 1, block 3, original town of Gentry, Arkansas, alleging that she is the widow of R. J. Mathis, deceased, and that her husband died intestate on the 24th day of January, 1916; that W. S. McGaugh was appointed administrator of the estate and entered upon his duties on February 3, 1916.

Lucinda Mathis was permitted to file an intervention alleging that she is the lawful widow of the said R. J. Mathis, deceased, and entitled to dower in the personal property and lands described in the inventory of the administrator.

Henry Philpot, as next friend of John and Archie Philpot, minors, became a party to the proceeding. In the trial of the cause, W. S. Floyd appeared as attorney for Lucinda Mathis, the administrator and heirs, and alleged the illegality of the marriage of petitioner, Lillie Mathis, to R. J. Mathis, deceased.

The cause was heard upon the pleadings and evidence by the probate court and a judgment rendered allotting petitioner, appellee herein, a dower interest in all the personal and real estate, from which judgment an appeal was prosecuted to the circuit court.

On trial anew in the circuit court, a like judgment was rendered in favor of appellee for dower interest in the real and personal property, and in addition, lot 1, block 3, in the original town of Gentry, was set off to her as a homestead.

The issue presented by this appeal for determination is which of the alleged widows is the lawful widow of R. J. Mathis deceased. The determination of this issue does not involve the title to the property in question. The property is conceded by all parties concerned to be the estate of R. J. Mathis, deceased. Authority has been conferred upon probate courts to allot dower on proper application. Kirby's Digest, § 2720.

"This section is not inconsistent with the Constitution and confers on the probate court a limited jurisdic-

tion in the allotment of dower concurrent with the chancery court.'' *Hilliard* v. *Hilliard,* 52 Ark. 283.

It is insisted that the marriage of appellee to R. J. Mathis was not sufficiently established. Appellee testified that she was married to R. J. Mathis on September 15, 1915, at Joplin, Missouri, and lived with him until his death, which occurred four months thereafter, within one-half mile of Springtown, Arkansas, as husband and wife; that they lived in her home where she had resided for seventeen years.

A certified copy of the marriage license was introduced without objection, proper authentication being waived. The license showed upon its face to have been issued by Dan S. Major, recorder of deeds in Newton County, Missouri. It authorized any justice of the peace, among others, to solemnize a mariage between R. J. Mathis of Decatur, County of Benton, State of Arkansas, to Lillie South of Springtown, in said county.

(1-2) A certificate of marriage signed by G. F. C. Coin, justice of the peace, Galena township, Jasper County, Missouri, was introduced over the objections of appellant for the reason that no showing was made that G. F. C. Coin was at the time a justice of the peace. The certificate was introduced in connection with the testimony of plaintiff. It purported on its face to be signed by a justice of the peace. Under the liberal rule allowable in proving marriages, we think it admissible as a circumstance tending to establish the marriage.

The general rule laid down by Cyc.. is that the fact of marriage may be proved by direct, circumstantial or presumptive testimony, either in the form of documentary or oral evidence. 26 Cyc. pp. 882-883.

(3) The marriage between appellee and Mathis having been established in fact, every necessary prerequisite to the validity thereof must be presumed until the contrary is shown. 9 R. C. L. 568.

We think the evidence amply sufficient to support the finding of the court that a lawful marriage was consummated between appellant and R. J. Mathis.

(4)  It is contended that the marriage was void for
the reason that at the time of the marriage R. J. Mathis
was the lawful husband of intervener, Lucinda Mathis.
Lucinda Mathis established her marriage to R. J. Mathis,
on the 9th day of July, 1882, by record evidence, as well
as oral proof. Prior to her intermarriage to R. J. Mathis,
she married Sam Barris in Montague County, Texas, and
removed with him to Benton County, Arkansas.  They
lived together about two years.  Barris returned to Texas
where he was convicted and sent to the penitentiary.
Lucinda heard from him for eighteen months after he
returned to Texas, and within five years after she last
heard from him, married Mathis without having obtained
a divorce from Barris.  Mathis and Lucinda lived to-
gether about thirty-two years, at Decatur, as husband
and wife.  They finally separated and entered into a writ-
ten contract settling their property rights.  By the set-
tlement, Lucinda procured a deed from Mathis, on the
16th day of November, 1914, to a portion of his real es-
tate.  After the settlement, Mathis lived in a little house
near his old home until he married appellee and moved
to her home.  The facts related above are insufficient to
overcome the presumption in favor of the validity of the
marriage of appellee to R. J. Mathis, which was his last
marriage.  Touching upon the very point, this court, in
the case of *Estes* v. *Merrill,* 121 Ark. 361, said: "So
strong is this presumption and the law is so positive in
requiring the party who asserts the illegality of a mar-
riage to take the burden of proving it, that such require-
ment obtains even though it involves the proving of a
negative, and although it is shown that one of the parties
had contracted a previous marriage, and the existence
of the wife or husband of the former marriage at the
time of the second marriage is established by proof, it is
not sufficient to overcome the presumption of the validity
of the second marriage, the law presuming rather that
the first marriage has been dissolved by divorce, in order
to sustain the second marriage."

Lucinda Mathis can not be regarded as the lawful widow of R. J. Mathis, deceased, for the purposes of allotment of dower. She failed in the proof to meet the burden placed upon her by the last marirage. Her proof was particularly weak in establishing that she herself ever entered into a lawful marriage contract with Mathis. If at the time of her marriage to Mathis she was the lawful wife of Sam Barris, her marriage to Mathis was void. She testified that she was lawfully married to Sam Barris; that she never procured a divorce from him and that she married Mathis in less than five years after she last heard from Barris. Even if her marriage to Mathis was legal, in order to overcome the presumption in favor of the validity of the marriage of appellee to Mathis, she must have shown that her marriage was not dissolved by divorce. Especially would this be so in view of an admitted separation and property settlement between her and Mathis.

(5) In any view of the case, there is no merit in Lucinda's contention that she should be endowed of the estate of R. J. Mathis, deceased, because she agreed to a separation and accepted a deed to certain lands in lieu of dower. Section 2697, Kirby's Digest.

(6) Lastly, it is urged that the court erred in setting aside lot 1, block 3, Gentry, Arkansas, to appellee as a homestead. The record affirmatively disclosed that prior to the marriage of R. J. Mathis to appellee, he resided in Decatur, and after the marriage, resided in Springtown with appellee in her home. We do not understand on what theory the Gentry property was set aside to appellee as a homestead. The husband must have impressed the homestead character on the land in his lifetime to entitle the widow to succeed in that right. *Hoback* v. *Hoback*, 33 Ark. 399; *Trotter* v. *Trotter*, 31 Ark. 145; *Johnston* v. *Turner*, 29 Ark. 280; *Ward* v. *Mayfield*, 41 Ark. 94.

We have failed to discover any evidence whatever showing that the Gentry property was ever occupied as a homestead by Mathis in his lifetime. For the reason

then that the Gentry property was not impressed with the homestead right in the lifetime of Mathis, the circuit court erred on appeal in setting aside the Gentry property to appellee as a homestead.

The judgment allotting dower to appellee is affirmed, but insofar as it attempted to set aside the Gentry property to appellee as a homestead, it is reversed.