ROYAL *v.* MOSAIC TEMPLARS OF AMERICA.

Opinion delivered May 3, 1920.

1. MARRIAGE—PRESUMPTION OF REGULARITY.—Where a marriage is tablished by evidence, it is presumed to be regular and valid, and the burden of proof is on the party attacking it.

2. MARRIAGE—INSTRUCTION—BURDEN OF PROOF.—In an action on a benefit certificate, the court instructed the jury as follows: "If you find from the evidence in this case that R. was lawfully married to this woman, the plaintiff, to whom it is sought to show the benefit was assigned, and that it was properly assigned as required by the terms of the policy, then you will find for

the plaintiff the amount of the policy. But if you find from the evidence that R. was previously married to another woman, and that there was no proof to show that the relationship had been changed, but that the relationship continues, and if it did continue down to the marriage with this woman, then that marriage was a bigamous marriage, although contracted under the terms of the law. If you find that state of the case, your verdict will be for the defendant." *Held* (1) that the instruction was not erroneous, as placing upon the plaintiff the burden of proving that the first marriage had been annulled or that the parties had been divorced; (2) nor was it erroneous as placing upon the plaintiff the burden of showing that her marriage to the insured was not bigamous.

Appeal from Columbia Circuit Court; *C. W. Smith,* Judge; affirmed.

STATEMENT OF FACTS.

Lee Sykes Royal brought this suit against Mosaic Templars of America to recover upon a benefit certificate issued to John Henry Royal in the sum of $300 in which she is named as the beneficiary. On the 30th day of August, 1913, the Mosaic Templars of America issued to John Henry Royal a life insurance policy for $300. In the year 1915 the plaintiff was married to John Henry Royal at the courthouse in Lafayette County, Arkansas, and lived with him as his wife until the date of his death on the 17th day of February, 1918. John Henry Royal had designated her as his wife and named her as the beneficiary in the policy. John Henry Royal was a member in good standing in the company at the date of his death.

A certified copy of the marriage certificate of Lee Sykes Royal, the plaintiff, and John Henry Royal, the insured was introduced in evidence, showing that these parties were married on the 3rd day of November, 1915.

On the part of the company a by-law was introduced which provided that members holding policies and dying without making some disposition of the same by will or assignment should not be paid. The benefit certificate further provided that if the member continued in good standing until death the policy should be paid to his "widow, widower, mother, father, sister, brother or relative by blood to fourth degree ascending or descending."

Emma Royal, a witness for the defendant, testified that she was married to the insured, John Henry Royal, in 1882, and had lived at Hope, Arkansas, since she married him. A certified copy of her marriage license was also introduced in evidence. She further testified that she had never been divorced from John Henry Royal; that they had not lived together as man and wife for twenty-seven years, but that they had both lived in the State of Arkansas since their marriage.

Sam Young testified that he lived at Hope, Arkansas, and had known John Henry Royal and Emma Royal for forty years or more; that he knew them when they were married in 1882, and knew that they both had lived in the State of Arkansas since that time; that the parties separated, and that John Henry Royal subsequently married again.

The jury returned a verdict in favor of the defendant, and from the judgment rendered the plaintiff has appealed.

*McKay & Smith,* for appellant.

1. The court erred in its charge to the jury, as it placed the burden of proof on plaintiff to show that her marriage to John Henry Royal was legal. 121 Ark. 361; *Ib.* 221; 67 *Id.* 279.

2. Under the evidence the court should have instructed a verdict for plaintiff, as the policy was payable to the widow of deceased.

*Scipio A. Jones* and *Thomas J. Price,* for appellee.

1. An alleged assignment was not genuine, as the proof shows that deceased could not write and one of the persons whose name is signed as a subscribing witness states that he was not present when the alleged assignment was made.

2. Appellant was not entitled to recover as the wife of deceased, as he had a wife living from whom he had never been divorced. 135 Ark. 64.

3. The instruction of the court was properly given. 9 R. C. L. 568. No presumption of divorce follows from

remarriage. 52 C. C. A. 568; 115 Fed. 130; 33 Wash. 612; 88 N. Y. 487; 13 N. W. 65; 121 Iowa 97; 96 N. W. 725. Lawful marriage means legal marriage, and if it was an unlawful marriage it was bigamous. Kirby & 'Castle's Digest, § 1677. ''Wife'' means lawful consort. Webster's Dict.; 40 Cyc. 936; 79 Hun. 197-9; 30 N. Y. Suppl. 116.

The term widow implies lawful marriage. 73 Me. 299-309; 53 N. Y. Sup. 181; 102 Tex. 308-313; 116 S. W. 43; 132 Am. St. 379; 73 Me. 209.

HART, J. (after stating the facts). It is claimed that the court erred in instructing the jury as follows:

''If you find from the evidence in this case that John Henry Royal was lawfully married to this woman, the plaintiff, to whom it is sought to show the benefit was assigned, and that it was properly assigned as required by the terms of the policy, then you will find for the plaintiff the amount of the policy. But if you find from the evidence that John Henry Royal was previously married to another woman, and that there was no proof to show that the relationship had been changed but that the relationship continues, and if it did continue down to the marriage with this woman, then that marriage was a bigamous marriage, although contracted under the terms of the law. If you find that state of the case your verdict will be for the defendant.''

The plaintiff produced her marriage certificate showing that she was married to the insured in 1915, and, also testified that the marriage ceremony was performed in the courthouse at New Lewisville, Lafayette County, Arkansas. This court has held that if a marriage has been established by evidence it is presumed to be regular and valid and that the burden of proof is upon the party attacking it. *Estes* v. *Merrill,* 121 Ark. 361, and *McGaugh* v. *Mathis,* 131 Ark. 221.

In the application of this rule to the present case it is claimed by counsel for the plaintiff that the instruction given by the court is erroneous in that it placed upon

the plaintiff the burden of proving that the first marriage had been annulled or that the parties to it had been divorced. In making this contention they first point to the fact that the first part of the instruction uses the words, "lawfully married." They construe this to mean that the court placed upon the plaintiff the burden of showing that her marriage to John Henry Royal was not a bigamous one. We do not think the instruction is open to this objection. The burden of proof in the whole case was upon the plaintiff, and the court evidently meant that it devolved upon her to show that she was married to the insured in accordance with the statutes of the State; or, in other words, that a ceremonial marriage had been performed as required by the statute.

Again it is insisted that the concluding part of the instruction placed upon the plaintiff the burden of showing that her marriage to the insured was not a bigamous one.

We do not think the instruction susceptible of the construction placed upon it by counsel for the plaintiff. The first part of the instruction submitted the theory of the plaintiff to the jury, and the purpose of the concluding part of the instruction was to submit the defendant's theory of the case to the jury. This is shown by the language used as well as by the fact that it commences with the word "but." This indicates that, after submitting to the jury the plaintiff's theory of the case, the court intended to submit to it the defendant's theory. If the plaintiff desired a more specific instruction on the question, her counsel should have asked one. Not having done so the plaintiff is not now in an attitude to complain. The instruction given by the court was drawn somewhat loosely, but it submitted to the jury the respective theories of the parties to the lawsuit.

Therefore the judgment will be affirmed.